October 19th.

## STEVENS *against* BEEKMAN AND OTHERS.

An injunction is not allowed, in order to prevent the repetition of a *trespass*, in entering and cutting down timber, on land of which the plaintiff is in possession as owner, and has adequate remedy at law for the trespass.
Though, it seems, an injunction may be allowed in a case of trespass, under very special circumstances.

MOTION for an injunction on a bill, stating that the plaintiff, on the 20th of *March*, 1806, purchased by deed, in fee, for a valuable consideration, of *Jacob Glen*, certain lands therein described, in the county of *Saratoga*, and adjoining *Glen's Falls*. That before the purchase, the plaintiff, for 20 years and upwards, had been in the quiet possession of the greater part of the premises, as tenant to *Glen*, and of the residue for about 3 or 4 years. That *Glen* had good right and title to sell. That the plaintiff had continued, and still was in possession as owner. That about 3 or 4 years ago, the defendant (*Beekman*) brought an action of ejectment against the plaintiff, for the south or west part of the premises, and which suit had never been brought to trial. That *Beekman* had no title. That the other two defendants, *I.* and *G. Lumnendall*, deriving, or pretending to derive, a title under *Beekman*, had entered on the premises, and cut down timber, and taken it away, without permission;

and that the part of the premises on which such waste was committed, was principally, if not exclusively, valuable on account of the timber. That the two other defendants were still continuing to commit waste on the premises, and the plaintiff was apprehensive that the defendants would continue to do so, unless restrained by this court. The plaintiff, therefore, prayed for an injunction against a repetition of the trespass, and that the defendants may account for the timber already cut.

The bill was sworn to, and with an accompanying affidavit, that the two last defendants were poor.

*J. V. N. Yates* and *Burr*, for the plaintiff.

THE CHANCELLOR. This is a case of an ordinary trespass upon land, and cutting down the timber. The plaintiff is in possession, and has adequate and complete remedy at law. This is not a case of the usual application of jurisdiction by injunction; and if the precedent were once set, it would lead to a revolution in practice, for trespasses of this kind are daily and hourly occurring.

I doubt, exceedingly, whether this extension of the ordinary jurisdiction of the court would be productive of public convenience. Such cases are generally of local cognizance; and drawing them into this court would be very expensive, and otherwise inconvenient. Lord *Eldon* said, that there was no instance of an injunction in trespass, until a case before Lord *Thurlow*, relative to a mine, and which was a case approaching very nearly to waste, and where there was no dispute about the right. Lord *Thurlow* had great difficulty as to injunctions for trespass; and though Lord *Eldon* thought it surprising that the jurisdiction by injunction was taken so freely in waste, and not in trespass, yet he proceeded with the utmost caution and diffidence, and only allowed the writ in solitary cases of a special nature, and where irreparable damage might be the consequence, if the act con-

CASES IN CHANCERY.

tinued. It has also been allowed in cases where the tres-pass had grown into a nuisance, or where the principle of multiplicity of suits among numerous claimants was applica-ble. (*Mitchell* v. *Dors*, 6 *Ves.* 147. *Hansen* v. *Gardi-ner*, 7 *Ves.* 305. *Smith* v. *Collyer*, 8 *Ves.* 89.) There is the less necessity for the interference of this court, since the statute (*N. R. L.* vol. 1. 525.) makes the cutting down timber a misdemeanor punishable by fine and impri-sonment, and also gives the party injured treble damages. There is nothing in this case so special and peculiar as to call for this particular relief, and especially, when I am not justified by any established practice and precedent.

Motion denied.