## CROOM v. DAVIS, ET AL.

1. A court of equity has no jurisdiction to relieve a debtor from applying for his discharge, under the act to abolish imprisonment for debt, on the ground that he has removed his property from this to another State to avoid paying his creditor. The right to a discharge is a legal question with which a court of equity has nothing to do.

2. When a debtor applies to be discharged, under the act abolishing imprisonment for debt, and his schedule shows that he has property in another State, he is not compelled to bring it into the jurisdiction of this, as a condition of his discharge.

WRIT of Error to the Court of Chancery of the 3d District of the Southern Division.

The case made by the bill is this :

Croom had sued out bailable process against Davis, for a debt of 1500 dollars or more, by reason of which he was arrested ; and in order to discharge himself from custody, applied to a justice of the peace, to obtain the benefit of the act to abolish imprisonment for debt, by filing a schedule of his estate. His schedule enumerates some articles of personal property of small value, as being in Sumter county in this State, and 14 slaves, 3 horses and 1 mule, as being in the State of Mississippi ; also, 320 acres of land in Sumter county. The bill charges, that Davis has no title, legal or equitable to the land ; that the personal estate in Sumter county is of value scarcely sufficient to pay the expenses of getting and selling ; and that the slaves, horses and mule were run off from this State by him, to avoid the payment of the debt due to the complainant, and other debts. That the schedule, although it may be, in point of fact, so that the complainant cannot controvert it by saying he believes it to be untrue, is, nevertheless, when coupled with the removal of the property out of this State, a fraudulent evasion of the act referred to.

The bill prays, that the sheriff of Sumter county may be restrained from discharging Davis from custody, without his delivery of the slaves, horses and mule ; and, also, that Davis may be restrained from availing himself of his application for discharge, until he surrenders the same property.

The injunction was granted by the register of the court; but afterwards, on motion of the defendant, the bill was dismissed for want of equity.

. SMITH, for the plaintiff in error, urged, that a court of chancery must have jurisdiction of the case made by the bill, otherwise a gross evasion of the act abolishing imprisonment for debt, [Clay's Digest 70,] must be tolerated.

INGE, *contra*, insisted, that there was no evasion, by the defendant, Davis, of the act referred to; the case made by the bill, is one which is not covered by the statutes; and is an attempt to create a remedy where none has been given by law.

GOLDTHWAITE, J.—The case made by the complainant's bill, is that of a debtor removing his property from the State for the purpose of avoiding the payment to his credior; and the question to be examined is, whether a debtor, on this condition, can be restrained from availing himself of his application to be discharged from arrest, under the act abolishing imprisonment for debt.

The bill, in effect, concedes that the creditor cannot prevent the debtor's discharge by resorting to any of the modes given by the act itself, and relief in equity is asked under the impression that the debtor is required by good conscience to bring the property, enumerated in his schedule, within the jurisdiction of the State, the more especially when that property has been carried from it.

The statement of this case would seem almost to prove that this is a matter to be determined by the court, acting upon the application for the discharge from arrest—for what aid can be expected from a court of equity in restraining a party from pursuing a remedy to which he is entitled at law? He either has the right to be discharged, or has not the right; but the court to which he applies, must make the decision, and we are not aware of any course of practice which will authorize the interference of a court of equity.

But, as it may not be satisfactory merely to decide that the bill was properly dismissed, because containing no ground for equitable interposition, we shall proceed to give our reasons for

supposing that the debtor's discharge could not be prevented by his omission to bring the property, enumerated in his schedule, within the jurisdiction of the State. We recently had occasion, in the case of Wade v. Judge,[January Term, 1843,] to give a construction to the act abolishing imprisonment for debt, [Clay's Digest 70,] and then held, that it was to be construed *in pari materia* with the several acts for the relief of insolvent debtors, it forming a part of the same system of laws. We also collated the several statutes, and shewed that the schedule operated as a transfer of the property within the State ; that with respect to money, choses in action, or other property, which might be in the debtor's immediate possession, that is, about his person, or near at hand, it would be competent for the court to direct such should be delivered previous to the discharge becoming effectual ; but we declined to consider how far that would operate on property, real or personal, of the debtor without the State.

It is scarcely possible, if it had been intended that a debtor should not be discharged when he owned property without the State, unless he procured it to be brought within it, that such intention should not have been expressed, and the necessary distinction made with respect to lands which the debtor might hold elsewhere. Independent of the entire silence of the statutes, there are some enactments which seem to indicate that the legislation was intended to operate only on property within the State. Thus the act of 1807, [Clay's Digest, 274, § 3,] provides, that all the estate discovered by the prisoner, shall be vested in the sheriff of the county where the lands, tenements, goods or chattels shall be found. The same act [§ 4] also provides for the issuing of garnishee process to persons owing the debtor, or having effects of his in their possession. The act of 1824, [Clay's Digest, 278, § 19,] directs that, in cases where insolvents have been heretofore discharged, and no proceedings have been had to collect the debts, &c., and the schedules have been returned to the clerk of the county court, the judge shall appoint one or more commissioners to collect and recover the debts, property and estate due such insolvents.

That the authority conferred by these enactments can only be exercised within the State, is evident from the terms used ; and it might well be questioned, if legislation had been attempted to af-

fect property in other States, how far such legislation would be effectual.

Are we then authorized to presume it was intended by our Legislature to prevent a debtor's discharge, unless he brings within the jurisdiction of this State property held by him in another? We have already shown such a presumption is not warranted by the language used; and that the contrary presumption may be inferred. It might also be urged, that, to require it, would not be consistent with the spirit of our laws, which inflict imprisonment only as a punishment for fraud. Independent of statutory enactment, there seems to be no reasons which require the debtor should be forced by imprisonment to bring his property within this State, because his creditor has chosen to pursue him here. In addition to this, the property might be subjected to damage and expense by the removal; or it might be charged in execution or attachment, after rendering the schedule, and before the debtor could remove it.

Doubtless the debtor, who removes his property to avoid his creditor, is entitled to little commiseration, but if his schedule is made in conformity to the statute, and is not controverted by the creditor, the mere fact that he has removed his property to another State to avoid the debt, will not be sufficient to prevent his discharge. Until the removal of property with such intent is made illegal or criminal, a court of equity is powerless to aid the creditor beyond the provisions of the existing laws.

Decree affirmed, with costs.