## Case No. 12,006.
### ROGERS v. ARTHUR.
District Court, D. Mississippi. 1867.

#### WAR—EFFECT UPON INTEREST.

A citizen of Mississippi, in a suit brought against him by a citizen of Kentucky on a debt due before the war, is not entitled to an abatement of interest during the war, by reason thereof.

[Decided by HILL, District Judge. Nowhere reported; opinion not now accessible. The statement of the point determined was taken from 2 Am. Law Rev. 188.]

## Case No. 12,007.
### ROGERS v. ARTHUR.
[See Case No. 12,006.]

ROGERS (BARTLETT v.). See Case No. 1,079.

## Case No. 12,008.
### ROGERS et al. v. CINCINNATI.
[5 McLean, 337;[1] 9 West. Law J. 510.]

Circuit Court, D. Ohio. July, 1852.

COURTS — FEDERAL JURISDICTION — CONFLICT OF JURISDICTION—ENJOINING ACTION IN STATE COURT—PROPER PROCEDURE.

1. Jurisdiction is taken of a case in the circuit court of the United States, from the citizenship of the parties; but unless the bill states a case for relief, it cannot be given.

2. To regulate commerce among the states, is a power exclusively vested in congress.

3. The courts of the United States and the courts of the states exercise their powers independently, except in special cases. where the supervision is vested in the supreme court of the United States.

[Cited in Deware v. Wyatt, 50 Mo. 236.]

4. The courts of the United States cannot enjoin a suit in a state court.

5. But if this could be done, an injunction could not be issued where there is an adequate remedy at law.

6. If a city ordinance be in conflict with the commercial regulation by congress, the defense may be made in the state court. where the suit is pending, and if the decision be against the regulation, an appeal may be taken to the highest court in the state; and thence, by a writ of error, to the supreme court of the United States.

[1] [Reported by Hon. John McLean, Circuit Justice.]

7. A threat to commence such a suit in a state court, would not be ground for an injunction in the circuit court. The mischief threatened must be irremediable at law. A suit at law, which affords an adequate defense, is not such a case.

[This was a bill for injunction by Charles J. Rogers against the city of Cincinnati to restrain the city from further proceedings in suit instituted against complainants under city license ordinances.]

Walker & Kebler and M. F. Force, for complainants.

E. A. Ferguson and T. A. Logan, City Sol., for defendants.

OPINION OF THE COURT. This is a bill for an injunction. It represents that the complainants are citizens, one of New York, the other of Pennsylvania; that they have constructed a vessel called the "Floating Palace," designed to be used, generally, in the navigable waters of the United States, as an amphitheatre or circus, for the exhibition of equestrian performances, to which it is now applied; that this vessel has been regularly enrolled at the port of Cincinnati, pursuant to the act of congress [9 Stat. 440], the certificate whereof is dated the 20th May, 1852; that on the same day the vessel was licensed, pursuant to the act of congress, to carry on the coasting trade for one year, for the purpose of the exhibitions aforesaid; that said vessel is moored at the public landing of Cincinnati, and used for the exhibitions aforesaid, but is not within the limits of said city. And the complainants allege that the city of Cincinnati has commenced a suit against them for making such exhibitions, without any license, contrary to the ordinance, as is alleged, of said city. And praying that the said city may be restrained by injunction from a further prosecution of said suit, until a final hearing in this case. That there is no relief at law, &c.

Jurisdiction in this case may be taken. from the citizenship of the parties; but the relief cannot be given as prayed, unless the facts stated in the bill authorize it. That the exclusive power to regulate commerce among the states, is vested in congress, in my judgment, is not now a debatable question. Nor that all acts of any state which obstruct such regulations, are void. But the commercial power is not involved, unless the bill makes a case for relief in chancery. That the courts of the United States, in common with the state courts, will enjoin against any threatened injury, where the law gives no adequate remedy, is undoubted. And this principle is applied to private nuisances. But, in every such case, it must be made clear to the court, that the mischief threatened will be irremediable at law. The ground stated in the bill for an injunction in this case is, that a suit has been commenced against the complainants for a violation of a

city ordinance, in exhibiting their circus without a license from the city; and that the complainants having enrolled their vessel, and taken out a coasting license under the act of congress, have a right to exhibit their circus, without taking a license from the city. If this were admitted, does it follow, that the state tribunal should be enjoined?

There are two objections to the mode of proceeding suggested. 1. The circuit court of the United States has no power to enjoin a procedure in a state court. 2. There is a remedy at law. The federal and state courts, in many cases, exercise a concurrent jurisdiction; and in all such cases, the pendency of a suit in the state or federal court may be pleaded in abatement to an action brought for the same cause in any other court. In every respect, except where the acts of congress have made special provision, the courts of the state, and of the United States, are as distinct and independent in the exercise of their powers, as the courts of two separate and independent nations. No supervisory power can be exercised by a federal court over a state court, unless under some special provision. The exceptions are in behalf of citizens of other states, who may remove a suit from the state court to the circuit court of the United States, by application at the first term, and giving bail, &c. And also "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favor of such their validity," &c., as provided in the 25th section of the judiciary act of 1789 [1 Stat. 85]. A writ of error lies from a state court to the supreme court of the United States. But this right can only be exercised in the mode prescribed. The question must be made in the state court, and the decision must be against the right set up. This gives no original jurisdiction to the circuit court; it only authorizes a writ of error to reverse a judgment of the highest court in a state under the circumstances stated. In no other case is a court of the United States authorized to issue process affecting a judgment or proceeding in a state court. No injunction can be issued by a federal court nor prohibition to a state court. Acting under the state laws, each court may proceed, and its judgments are final, unless the case is embraced by the 25th section above stated, or is required to be certified on the ground of the citizenship of the defendant. If the ordinance of the city be in conflict with any commercial regulation by congress, there is an adequate remedy at law. The question may be made in the may-

or's court, and if decided against the complainants, an appeal or certiorari is given them as a matter of course, to a higher court, from which, by a writ of error, the case may be taken to the supreme court of the state, and thence to the supreme court of the United States. An adequate remedy would be to defeat the claim of the city, if it be in violation of the constitution of the United States, or of any act of congress, or authority of the United States. There is then a plain and an adequate remedy at law, and, consequently, relief cannot be given in equity, even if the circuit court of the United States had power to enjoin the proceedings of a state court. If no suit had been commenced in the state court, but was only threatened, still there would be no sufficient ground for an injunction. The threatening to bring a suit at law, for any purpose, in a matter of this kind, could not be considered a mischief against which an action at law would not afford redress. It is not within the rule on which chancery interposes by injunction.

An injunction may be issued in a patent case, before the right is established at law, where the right appears to be clear. But this is founded upon the nature of such cases. There is no effectual remedy against the violation of a patent, except by injunction. Damages at law may discourage the piracy and cause an individual to abandon it, but this is a matter resting with the defendant. An injunction affords the only adequate protection. The prayer for an injunction is overruled.