## COWLES *et al. v.* SHAW *et al.*

An injunction should not issue in an ordinary case of trespass.

Where a complainant's bill contains no equity, the defect is fatal, even on final hearing, or in the appellate court.

Where the defendants in an action of trespass, which is being continued, are entirely insolvent; or where the trespass has or may become a nuisance, or amounts to waste; or where numberless suits may have to be brought to make the remedy complete; or where the trespass is by a party occupying a fiduciary relation; or where the injury is of such a character that the loss would be irreparable, and not to be compensated by damages; an injunction to restrain the commission of the trespass, may properly issue.

Where in an action of trespass for cutting timber, the petition averred that the defendants were continuing the trespass, with a view of carrying the timber away, and further alleged as follows: "Your petitioners believe and further represent, that the said defendants intend and assert, and if not restrained, will take and carry away said cord wood (the timber so as aforesaid cut down), from said premises, and so dispose of the same, as to put it beyond the reach of your petitioners. Your petitioners further represent, that if the defendants are notified of this application, they will remove said cord wood, before an injunction can be served upon them. For all which said trespasses, the said plaintiffs ask judgment in treble damages, and pray that an in-

junction may be allowed to restrain said defendants from committing any further trespass on said land, and from moving said cord wood therefrom," upon which petition an injunction issued; and where the defendants moved to dissolve the injunction, and at a subsequent term, under a rule to answer within a given day, demurred to the said petition, because the plaintiffs had an adequate remedy at law, which motion and demurrer were overruled; and where, the defendants refusing to answer further, the bill was taken as confessed, and the injunction was thereupon made perpetual; *Held*, That both the motion and demurrer should have been sustained.

*Appeal from the Des Moines District Court.*

THE plaintiffs filed their petition, claiming of defendants a certain sum for alleged trespasses in cutting down timber on plaintiff's real estate, and averring also, that said defendants were continuing to cut down the same, with the view of carrying the same away, and disposing thereof, for their own use. So much of the petition as is material to determine this case, is as follows: " Your petitioners believe and further represent, that said defendants intend and assert, and if not restrained, will take and carry away said cord wood (the timber so as aforesaid cut down), from said premises, and dispose of the same, so as to put it beyond the reach of your petitioners. Your petitioners further represent, that if the defendants are notified of this application, they will remove said cord wood, before an injunction can be served on them. For all which said trespasses, the said plaintiffs ask judgment in treble damages, and pray that an injunction may be allowed to restrain said defendants from committing any further trespasses on said land, and from moving said cord wood therefrom."

An injunction was ordered, and writ issued. Defendants afterwards, at the same term at which the injunction was granted, moved to dissolve the injunction, which motion was overruled. At the next term, the defendants, on their motion, were allowed to a certain day in vacation, to file their answer to plaintiffs' bill. Under this order, defendants demurred to the bill, for the following reasons: 1st. Because it joined two distinct causes of action; and, 2d. Be-

cause plaintiffs had a plain, speedy, and adequate remedy at law. At the next term, this demurrer was overruled, and defendants "failing to further plead, answer, or demur (but abiding by their demurrer), the bill was taken as confessed and true, and the defendants perpetually enjoined from cutting or removing timber on or from the premises described. No judgment was rendered for the alleged trespass, nor does anything appear to have been done with that part of the case. From the order of the court overruling the motion to dissolve and the demurrer, and granting a perpetual injunction, the defendants appeal.

*J. C. Hall* and *Browning & Tracy*, for the appellants, relied upon the following: *Smith* v. *Pettengill*, 15 Vert. 82; *Ross* v. *Page*, 6 Hammond, 166; *Hart* v. *Mayor, &c., of Albany*, 9 Wend. 571; *Stephens* v. *Beekman*, 1 Johns. Ch. 318; *Livingston* v. *Livingston*, 6 Ib. 497; *Jerome* v. *Ross*, 7 Ib. 315; *West* v. *Walker*, 2 Green, Ch. (N. J.) 279; *Amelung* v. *Lecamp*, 9 Gill & John. 468; *Irwine* v. *Davidson*, 3 Ired. Ch. 311; *Nevett* v. *Gillaspy*, 1 How. (Miss.) 108; 1 Spence Eq. Juris. 673, 699; 1 Story's Eq. 511.

*James Green*, for the appellees, cited *Livingston* v. *Livingston*, 6 Johns. Ch. 497.

WRIGHT, C. J.—It will be unnecessary to determine in this case, whether, under our Code, a party can unite with his petition to recover for certain trespasses committed, a bill for an injunction to restrain the further commission of such trespass. This case can be determined without touching that question, for we have no hesitation in saying, that the petition for the injunction, presents no such case as warrants the ordering of any such writ. For aught that appears, the plaintiffs had a complete, perfect, full, and adequate remedy at law, for any and all trespasses these defendants had, or might commit. They are not alleged to be insolvent. There is nothing to show that the injury about to be committed, was of such an irreparable nature, as to justify the interposi-

tion of the chancery power of the court, to restrain its commission; or that an injunction was necessary, even to avoid a multiplicity of suits.

Our Code gives to the party injured, for any willful trespass in injuring his timber, treble damages, and also makes the guilty party liable to indictment, and punishment by fine, not exceeding five hundred dollars, or imprisonment in the county jail not more than one year, or by both such fine and imprisonment, at the discretion of the court. Sections 2137, 26, and 84. And we adopt the language of Chancellor KENT, in commenting on a similar statute of New York, and say, there is the less necessity for the interference of the chancellor in such cases, where the party is, by the statute, given so complete a remedy in his action at law. *Stevens* v. *Beekman*, 1 Johns. Ch. 318. We do not say, that there may not be cases, where the legal remedy would be incomplete, and in which an injunction might properly issue. For instance, as above suggested, the defendants might be entirely insolvent; the trespass might grow into a nuisance or waste; numberless suits might have to be brought, in order to make the remedy complete; the trespass might be by a party occupying a fiduciary relation; or the injury of such a character, that the loss would be irreparable, and not to be compensated in dollars and cents; and in any such, or similar cases, an injunction might be proper. But we are aware of no case, nor yet any principle, which will sustain an injunction in any ordinary case of trespass, as this appears to have been. Without referring to the authorities in detail, we may say, that those cited by appellants' counsel, are conclusive. See, also, Eden on Injunctions by Waterman (3d ed.), 229, 30, 31, 32, 33, 34, and notes; and the well considered case of *Jerome* v. *Ross*, 7 Johns. Ch. 315; as also *Livingston* v. *Livingston*, 6 Johns. Ch. 497, referred to by appellees, but which fully sustains the opposite view. Plaintiffs claim that the demurrer to the bill, was filed after an order made to answer, and was therefore too late; and for that reason, properly overruled. If it was true, however, that the demurrer was filed too late, it could not aid plaintiffs. If complainants'

bill contains no equity, the defect is fatal, even on final hearing, or in the appellate court. *Kreichbaum* v. *Bridges*, 1 Iowa, 14. And in addition to this, the motion to dissolve the injunction, was certainly filed in time, and we are clearly of the opinion, that it should have been sustained, to say nothing of the subsequent demurrer.

Decree reversed.