Burnett v. Craig.

---

# BURNETT *vs.* CRAIG.

[BILL IN EQUITY FOR INJUNCTION AGAINST MUNICIPAL CORPORATION.]

1. *Jurisdiction of equity to restrain proceedings for violation of city ordinance.*— Chancery has no jurisdiction, to restrain *quasi* criminal proceedings on the part of the municipal authorities of a city, for repeated violations of an alleged invalid ordinance.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, against the inten-
dant and members of the town council of Cahaba; alleging,
that said town council, in January, 1855, passed an
ordinance fixing the price of a license for retailing within
the corporate limits of Cahaba at $1,000, and re-adopted
the same ordinance in January, 1856; that complainant,
having procured a State license for retailing, and being
advised by his attorneys that said ordinance was illegal
and void, opened a grocery in Cahaba, early in 1856, and
retailed spirituous liquors; that he was thereupon arrested
and tried by the town council, for violating said ordinance,
was fined, and imprisoned; that he persisted nevertheless
in his business, and was consequently repeatedly fined and
imprisoned; that he thereupon applied to a circuit judge,
by a proceeding in the nature of a *quo warranto*, to test
the authority of said town council to pass said ordinance,
which proceeding is yet pending and undetermined; and
that said council, notwithstanding the pendency of these
proceedings, threaten to fine and imprison him so long
as he persists in the pursuit of his business. The prayer
of the bill is, that the defendants may be enjoined from
collecting the fines imposed on complainant, and from all
further interference with him or his business, until the
validity of the ordinance shall have been determined by
the proceedings at law.

The chancellor dismissed the bill for want of equity,
and his decree is now assigned as error.

GEO. W. GAYLE, and P. T. SAYRE, for the appellant,
contended that the equity of the bill was defensible on
the following grounds:

1. As preventing a multiplicity of suits.—2 Story's
Equity, §§ 901, 902, 928; 1 Spence on Equity, 673; 3 Dan.
Ch. Pr. 1881; 3 Johns. 580; 6 Paige, 88.

2. As preventing irreparable injury.—2 Story's Equity,
§ 926; Powell v. Plank-Road Company, 24 Ala. 445;
1 Edwards, 122.

3. As preventing a corporation from abusing its powers to the injury of third persons.—Frewin v. Lewis, 4 My. & Cr. 253 ; 2 Story's Equity, §§ 927, 955 a.

4. Because there was no adequate remedy at law. 3 Barbour, 23 ; 1 Duer, 512 ; 22 Conn. 552 ; 6 Paige, 83 ; 3 Johns. 579.

PEGUES & DAWSON, contra.—1. The jurisdiction of the chancery courts extends to all civil causes, in which a plain and adequate remedy at law is not provided.—Code, § 602.

2. Equity will not interfere, by injunction, to restrain the commission of a threatened personal trespass.—3 Dan. Ch. Pr. 1833-7. Nor to restrain the commission of a threatened crime.—Railroad Co. v. Walton, 14 Ala. 208 ; 3 Dan. Ch. Pr. 1838, 1854; Eden on Injunction, 66 ; 2 Story's Equity, 893 ; Story's Eq. Pl. 553.

3. Certiorari is the remedy, where a municipal corporation renders a judgment for a breach of its ordinances. Intendant of Marion v. Chandler, 6 Ala. 899 ; Carroll v. Mayor of Tuskaloosa, 12 Ala. 173 ; Ex parte Tarleton, 2 Ala. 36.

4. All questions, as to the forfeiture of chartered rights, belong exclusively to the courts of law ; and the courts of chancery will not interfere by injunction, either generally, or in aid of an information in the nature of a quo warranto. 1 Hopkins' Ch. 354; 2 Johns. Ch. 371-8; 6 Johns. Ch. 31; 26 Wendell, 139 ; 4 Hill, 581.

STONE, J.—The authorities most favorable to the equity of this bill are principally collected in Story's Equity, vol. 2, §§ 928-9. The commentator says, "It (an injunction) is now granted, in all cases of timber, coals, ores and quarries, where the party is a mere trespasser." Ch. Kent, in Livingston v. Livingston, held, that where a party in possession, under claim of right, was proceeding to cut down timber, it was proper to restrain him by injunction, until the right was determined; because, in such case, if the occupant should be shown to have no right, the injury would be irreparable.—6 Johns. Ch. 497.

See, also, Hanson v. Gardner, 7 Vesey, 305; Universities v. Richardson, 6 Vesey, 689.

It was decided in Massachusetts, as late as 1842, that the power of the court of chancery, in that State, to grant injunctions on bills of this description, was limited to cases of *technical waste*, and did not extend to ordinary trespasses.—Attaquin v. Fish, 5 Metc. 140.

The rule, we admit, has been somewhat relaxed; and courts of chancery, in modern times, entertain this auxiliary jurisdiction on more liberal principles than they formerly did. We have found no case, however, where chancery has restrained a simple trespass, or succession of trespasses, on either the person or personal goods. The utmost extension of the principle which has come under our observation, embraces only trespasses to realty, where this remedial agency is shown to be necessary to prevent multiplicity of suits, or to avert irreparable mischief. Livingston v. Livingston, *supra;* Stephens v. Beekman, 1 Johns. Ch. 318; Mitchell v. Dors, 6 Vesey, 147; Amelung v. Seekamp, 9 Gill & Johns. 468.

The case made by this bill is not one of waste or trespass on real estate. Regarding, as we do in this discussion, the averments of the bill as true, the appellees were proceeding, without authority of law, to impose fines and imprisonment on the appellant. Such fines and imprisonment, if the corporate authorities were not authorized by their charter to inflict them, were trespasses in all the parties concerned.—Brandreth v. Lance, 8 Paige, 24.

There is another objection to this bill. The judgments and sentences of the town council, of which the appellant complains, were *quasi* criminal proceedings. A bill in chancery, to restrain a malicious or unfounded prosecution, is certainly of novel impression.

A bill, in its purposes very like the present, was filed in the chancery court of New York, in aid of an information *quo warranto*. It was held, that it would not lie. Atty. Genl. v. Bank of Niagara, 1 Hop. Ch. Rep. 354. See, also, 3 Dan. Ch. Pr. 1838; 2 Story's Equity, §§ 893, 898; Powell v. Central Plank-Road, 24 Ala. 441; Brandreth v. Lance, 8 Paige, 24; Roper v. Randolph, 7 Porter,

238; Croom v. Davis, 6 Ala. 40; Marriott v. Givens, 8 Ala. 694; Hamilton v. Adams, 15 Ala. 596; Eden on Injunction, 32–3.

Our own court has laid down a rule that is fatal to this bill.—Montg. & W. P. R. R. v. Walton, 14 Ala. 207.

We have examined the case of Frewin v. Lewis, 4 Mylne & Craig, 249. The facts of that case may be found in 9 Simons, 66. That case and this are entirely dissimilar.

We have not been able to find any principle or adjudged case, which justifies an injunction to stay a prosecution, either criminal or *quasi* criminal; or to restrain a trespass to the person or personal property. We think such a precedent would be an alarming stretch of equity jurisdiction.

In considering this case, simply on the equity of the bill, we have necessarily regarded its averments as true. It is not intended by this to intimate an opinion on the validity or invalidity of the ordinance, or of the fines imposed on the appellant. They will be considered when properly presented.

We fully concur with the chancellor in the principles of his decree, and it is consequently affirmed.

