TORPEDO CO. *v.* BOROUGH OF CLARENDON.

(*Circuit Court, W. D. Pennsylvania.* January 21, 1884.)

1. MUNICIPAL CORPORATION — REMEDY FOR DAMAGE CAUSED BY UNREASONABLE ORDINANCE—ACTION AT LAW.
   The ordinary remedy for an injury from the operation of an unlawful municipal ordinance is by an action at law, for complete redress in damages is generally thus attainable.

2. SAME—INJUNCTION REFUSED.
   A borough ordinance forbids any person to convey or have, etc., within the borough limits, any nitro-glycerine, (except enough to "shoot" any oil well within the borough, and this upon payment of a license fee,) under a penalty of not less than $50, nor more than $100, for each offense, upon conviction before the burgess or a justice of the peace. Plaintiff's works for the manufacture of nitro-glycerine are nine miles from the borough, and a magazine for its storage is one mile from the borough, on the opposite side. Plaintiff's employes conveying nitro-glycerine from its works to the magazine along public

highways, through the borough limits, were arrested and fined, but these judicial proceedings were removed into the proper county court, and are there pending. The plaintiff, alleging that the ordinance is unreasonable, unauthorized, and void, and injurious to its business, filed a bill in equity against the borough to restrain the enforcement thereof, etc. *Held*, that the case was not one for equitable relief, and, on this ground, a preliminary injunction refused.

In Equity. *Sur* motion for a preliminary injunction.

*Brown & Stone*, for complainant.

*D. I. Ball*, for defendant.

ACHESON, J. This is a suit by the Torpedo Company, a corporation of the state of Delaware doing business in the state of Pennsylvania, against the incorporated borough of Clarendon, in Warren county, in the latter state, to restrain the enforcement against the plaintiff of an ordinance of the borough, enacted April 24, 1882, which declares it to be unlawful for any person to "store, house, convey, carry, or have in his or her possession," within the borough limits, any nitro-glycerine, (except enough to "shoot" any oil well in the borough, on payment of a license fee of $10,) under a penalty of not less than $50, nor more than $100, for each offense, upon conviction before the burgess or a justice of the peace. The proper operation of oil wells, it seems, requires that torpedoes containing nitro-glycerine be exploded from time to time in the wells. The plaintiff has established works for the manufacture of nitro-glycerine in the county of Warren, nine miles from Clarendon, and on the opposite side of the borough there has been located a magazine of one of its customers for the storage of nitro-glycerine for the supply of the trade in the oil territory known as the Clarendon field, lying in and about the borough. The plaintiff alleges that to reach this magazine with supplies of nitro-glycerine it is necessary to traverse certain highways within the borough limits, but which do not pass through the thickly-settled portions of the town. To insure safety in transportation, the plaintiff has observed commendable care in providing wagons constructed specially for the purpose, with appliances well adapted to reduce the danger of explosion to the minimum, and it is alleged by the plaintiff that these precautions secure the public from all risk. The plaintiff began business after the passage of the ordinance, and the magazine was located so late as May or June, 1883. Employes of the plaintiff have been twice arrested and fines imposed for violations of the ordinance, but these judicial proceedings have been removed into the proper court of Warren county, and are there now depending. The plaintiff claiming that the regulation in question is unreasonable and oppressive,—abridging its legal right to use the public highways of the borough, and injuring its business,—and that the ordinance is without legislative warrant and void, prays the court for an injunction to restrain the borough from enforcing the same against the plaintiff, and from arresting its employes, or bringing or prosecuting any action, civil or criminal, against them for a violation thereof.

The affidavit in behalf of the defendant in opposition to the allowance of the present motion, sets forth facts in vindication of the ordinance as wise and reasonable, and controverts some of the material allegations of the bill.    But were it clear that the ordinance is void, is this a case for equitable relief?    Undoubtedly courts of equity often interdict the unlawful exercise by municipal corporations of their powers; and, possibly, cases of such peculiar hardship from the enforcement of a void ordinance in restraint of trade might arise, that a court of equity would feel moved to interpose, by injunction, even before its illegality had been established at law.    But such cases would be exceptional.    Dill. Mun. Corp. § 727; *Ewing* v. *City of St. Louis,* 5 Wall. 413; High, Inj. §§ 1242, 1244.    The ordinary remedy for an injury from the operation of an unlawful municipal ordinance is by an action at law, for complete redress in damages is generally thus attainable.

The learned counsel for the plaintiff rely on *Butler's Appeal,* 73 Pa. St. 448.    But it is not an authority, it seems to me, for the proposition that an injunction is a proper remedy for the injury of which the plaintiff complains.    That was a case of a clearly illegal exercise by city councils of the taxing power.    I have been referred to no precedent, nor have I been able to find 'any, where a court of equity in such a case as the present has granted the relief the plaintiff seeks. But in several analogous cases such redress has been denied, and the aggrieved party turned over to his legal remedies.    *Burnett* v. *Craig,* 30 Ala. 135; *Gaertner* v. *City of Fond du Lac,* 34 Wis. 497; *Cohen* v. *Goldsboro,* 77 N. C. 2; *Brown* v. *Catlettsburg,* 11 Bush, 435.    Here the plaintiff's legal remedies are, I think, ample.    One of these has already been invoked; for by *certiorari* or appeal the proceedings against the plaintiff's employes for violation of the ordinance have been removed into the proper state court, and are there pending.    It does not appear to me that the plaintiff is likely to sustain any injury which may not be fully and adequately compensated by an action for damages, should it be adjudged that the ordinance is invalid.

The motion for an injunction is denied.