ALBANUS L. WORTHINGTON

*v.*

SARAH R. MOON et al.

1. Equity will not interfere to prevent a trespass where the legal rights of the parties have not been settled, nor where it does not appear that the injury to the inheritance will be irreparable, nor that the defendant is insolvent, but will leave them to their remedy at law.

2. Equity will not actively aid in the enforcement of a penalty or a forfeiture.

On final hearing.

*Mr. Edwin Robert Walker* and *Mr. Garret D. W. Vroom*, for the complainant.

*Messrs. Barton & Dawes*, for the defendants.

BIRD, V. C.

On the 29th day of April, 1893, the defendants in this case conveyed to the complainant about twenty-six acres of land. In the deed was the following stipulation:

"The said premises are also conveyed with the understanding that the said party of the first part may remain in possession of them until the first day of April, eighteen hundred and ninety-four, and during that time may dig clay thereon as they have been doing, and in the same field, and may remove the

Worthington v. Moon.

same for their own use without charge therefor, and also that the said party of the first part may remove all unused posts and a certain child's swing from said premises, on or before April first, eighteen hundred and ninety-four."

The defendants remained in possession under this stipulation until the 1st day of April, 1894. During that period of time they excavated five hundred or six hundred tons of clay referred to, but did not remove it from the premises. The defendants claim that it was not removed because of an express suggestion to that effect from the complainant, because of the very unfavorable condition of the market. Within a short time after the defendants vacated the premises they commenced carting the clay therefrom. To restrain this action upon the part of the defendants, the complainant filed his bill and asked for a perpetual injunction. The complainant insists that the right to dig and to remove clay was limited to the 1st day of April, 1894, and that all of the clay which had been mined and cast upon the bank was forfeited to the complainant.

By the answer it is urged that every right to which the complainant is entitled he can maintain by an action at law. The only answer to this was that the removal of this clay was a destruction of the inheritance and irreparable in its nature. I apprehend this would be so had not the clay been excavated and severed. In this respect it must be regarded as trees severed or stones from the quarry. Evidently this clay is personal property. The claim, therefore, that the removal of it is an irreparable injury to the inheritance, is unavailing. Without this ingredient this court is powerless to act. This doctrine, I think, has never been disputed when the question has been raised. It was so decided in *Hart* v. *Leonard, 15 Stew. Eq. 416*, in the court of errors and appeals, although, as I understand, the discussion was not opened upon the argument in that court, as it certainly was not alluded to in the slightest degree in the court below. *Cornelius* v. *Post, 1 Stock. 199; De Veney* v. *Gallagher, 5 C. E. Gr. 33; Scudder* v. *Trenton Delaware Falls Co., Sax. 694; Southmayd* v. *McLaughlin, 9 C. E. Gr. 181; High Inj.* § *673; Fulton* v. *Greacen, 9 Stew. Eq. 216; Kerr Inj. *289.*

The principle upon which these cases stand is that the action

complained of is nothing more than a naked trespass, involving no equitable considerations whatsoever and fit subjects for the determination of a jury. This seems to have been equally well settled, as a reference to the above-cited cases will show. See, also, *Kerlin* v. *West*, *3 Gr. Ch. 449* ; *West* v. *Walker*, *2 Gr. Ch. 279.* This case shows that the rule respecting the interference of equity is less rigid than it was anciently. *Quackenbush* v. *Van Riper*, *2 Gr. Ch. 350* ; *1 High. Inj. 699* ; *Stevens* v. *Beekman*, *1 Johns. Ch. 318.*

Equitable considerations often appear which justify the interference of a court of equity in behalf of the party who complains of the trespass. Prominent among these is the insolvency of the defendant trespasser. *Wilson* v. *Hill*, *1 Dick. Ch. 367*, and cases cited ; *West* v. *Walker*, *2 Gr. Ch. 282* ; *1 High. Inj. 671, 674.*

But in this case there is not only no allegation of the insolvency of the defendants, but no proof whatever has been offered, hence the complainant is without relief in equity. And in addition to this objection, the claim which he sets up amounts to a penalty or forfeiture, which courts of equity always refuse to enforce except when the conditions are very plainly against the defendant.

Mr. Bispham says : "It is well settled that a court of equity will not lend its aid actively to enforce a forfeiture." *Section 181.* In *2 Lead. Cas. Eq. 2048*, the doctrine is thus stated : "All the authorities concur that when the case is such that a court of equity would not set aside the forfeiture it would not intervene to enforce it, and will leave the parties to their legal rights and remedies." *Atlas Bank* v. *Nahant Bank*, *3 Metc. 582, 583* ; *Livingston* v. *Tompkins*, *4 Johns. Ch. 415* ; *Baxter* v. *Lansing*, *7 Paige 350.* In *Meigs' Appeal*, *62 Pa. 28, 377*, this principle is clearly presented, and see *1 Pom. Eq. Jur. § 459.*

In this case the defendants expended their labor in the excavation of five hundred or six hundred tons of clay, which, according to the complainant's bill and the testimony, are worth from $300 to $400. According to the complainant's insistment, this has all been forfeited. So much of the consideration which

he was to give and which the defendants were entitled to he claims the right to retain.

There seems, therefore, to be two well-settled principles governing courts of equity, which stand in the way of the complainant obtaining relief in this court, namely, the fact that the trespass complained of does not work irreparable injury to the inheritance, and that a penalty or forfeiture would be the result of a decree in his favor, which courts of equity are always disinclined to pronounce.

I will advise that the bill be dismissed, with costs.