McCORMACK BROS. CO. v. CITY OF TACOMA, WASH., et al.

(District Court, W. D. Washington, S. D. January 4, 1913.)

No. 1,226.

1. INJUNCTION (§ 85*)—CRIMINAL PROSECUTION—ORDINANCE—ADEQUATE REMEDY AT LAW.

Setting up the unconstitutionality of a city ordinance on which a criminal prosecution is based in defense thereof in general affords an adequate remedy at law which will preclude equitable relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 155, 156; Dec. Dig. § 85.*]

2. INJUNCTION (§ 118*)—CITY ORDINANCE—INVALIDITY—ENFORCEMENT—CRIMINAL PROSECUTION.

Plaintiff corporation sued to set aside an alleged unconstitutional city ordinance imposing a license tax on trading stamp users, alleging that complainant had a contract with the furnisher of such stamps to use the same, that the ordinance had been declared void by the federal Circuit Court of the district as in violation of the federal Constitution, but that the Supreme Court of the state had held it valid, whereby it was useless for complainant to defend or prosecute an action in a state court, or pay the license, and sue to recover the same, for which reason plaintiff had no remedy at law or in equity in the courts of the state, that the city officials had threatened that, unless plaintiff paid the tax under the ordinance, its officers would be arrested, and that the ordinance impaired the obligation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of plaintiff's contract, deprived it of its liberty of contract and of its liberty and property without due process of law, and denied plaintiff the equal protection of law. *Held* that, since the constitutionality of the ordinance could be finally determined by the United States Supreme Court in proceedings to review a conviction for violation of the ordinance in the state courts, the bill did not state a cause of action for relief in equity.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*

Restraining criminal proceedings, see note to Arbuckle v. Blackburn, 51 C. C. A. 133.]

In Equity. Suit by the McCormack Bros. Company against the City of Tacoma, Wash., and others to restrain the enforcement of a license tax ordinance on persons dealing in trading stamps. Demurrer to complaint sustained, and preliminary injunction denied.

Tucker & Hyland, of Seattle, Wash., for plaintiff.

T. L. Stiles and Frank M. Carnahan, both of Tacoma, Wash., for defendants.

CUSHMAN, District Judge. This suit was brought by plaintiff, a Washington corporation, against the city of Tacoma, a city of that state, and its officers, praying that the defendants be enjoined from bringing any proceeding for the collection from plaintiff of a tax, under a certain ordinance of said city imposing a license tax of $100 a year upon every firm, person, or corporation within the city which uses any stamps, cards, or coupons, or other similar device for the sale of goods, wares, and merchandise, which said stamps, coupons, tickets, or other similar device shall entitle the purchaser receiving the same to procure from another person, firm, or corporation any goods, wares, or merchandise free of charge upon production of a number of the said stamps, tickets, coupons, cards, or other similar devices.

The cause is now before the court upon defendants' demurrer to the bill of complaint. The bill alleges that plaintiff carries on a department store in said city; that the Sperry & Hutchinson Company maintains a store in Tacoma in which articles of merchandise are offered in exchange for trading stamps, which company sells these stamps to merchants, and the merchants give them to their cash customers, as an inducement for cash payments; that the plaintiff, knowing the desire on the part of many persons for these stamps, and that they were induced to trade where they could get them, entered into a contract with the Sperry & Hutchinson Company to furnish plaintiff with trading stamps, one of which, under this contract, plaintiff agrees to give each of its customers for each 10 cents represented in cash value. There are further allegations of the advertising value of plaintiff's use of these stamps and the co-operation secured with other merchants in other lines of trade using these stamps, and the saving made in not having to carry articles of trade for gift purposes. It is alleged that the city ordinance was heretofore in the United States Circuit Court for this District decreed null and void as in violation of the Constitution of the United States; that this decree has never been appealed from, modified, or reversed; that the Supreme Court of the state of Wash-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ington has held such ordinance valid, and, by reason of said decision, it would be useless for plaintiff to defend, or prosecute an action in the state court, or pay the license and sue to recover the same; that plaintiff has no remedy in law or equity in the courts of the state; that the city and its officials, the defendants herein, have threatened, unless plaintiff pays for a license under the ordinance, that it will arrest the officers of plaintiff; that the ordinance impairs the obligation of plaintiff's contract with the Sperry & Hutchinson Company, in violation of article 1, § 10, of the Constitution of the United States; that, in violation of the fourteenth amendment to the. Constitution of the United States, it deprives plaintiff of its liberty of contract, of its liberty and property, without due process of law, and that it denies plaintiff the equal protection of the law; that the giving, in connection with the sale of merchandise, of a stamp which entitles the holder thereof, on presentation, to obtain, from a third person, an article of merchandise, is but an incident of plaintiff's business, and is not a proper subject-matter of a tax; that the classification attempted by the ordinance is improper, discriminatory, and arbitrary, and therefore unreasonable; that the ordinance does not impose an occupation tax on plaintiff's business, but merely on one of plaintiff's methods of advertising; that it is denied the equal protection of the law, as its method of advertising is taxed and that of its competitors advertising in other ways is not taxed.

[1] Setting up the unconstitutionality of an ordinance in defense of a criminal prosecution affords an adequate remedy at law, and, as a general rule, will preclude equitable relief. Poyer v. Des Plaines, 123 Ill. 11, 13 N. E. 819, 5 Am. St. Rep. 494; Rogers v. Cincinnati, 5 McLean, 337, Fed. Cas. No. 12,008; Torpedo Co. v. Borough of Clarendon (C. C.) 19 Fed. 231; State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S. W. 474, 48 L. R. A. 596; Paulk v. Sycamore, 104 Ga. 24, 30 S. E. 417, 41 L. R. A. 772, 69 Am. St. Rep. 128; Burnett v. Craig, 30 Ala. 135, 68 Am. Dec. 115; Wallack v. New York Society, 67 N. Y. 23; 22 Cyc. 807, 815; Dillon, Mun. Corp. (5th Ed.) §§ 612n, 646, 650, 1573n; McQuillin, Mun. Ord. pp. 435, 436.

[2] The case now before the court is not brought within any exception to the foregoing rule. The complainant has not been prosecuted in former suits. No multiplicity of suits or prosecutions is threatened or alleged as imminent. The court does not mean that bare allegations of this character would suffice to take this case out of the general rule; but so states to show how far removed it is from any recognized exception.

The allegation that the ordinance has been held invalid by the Circuit Court of this District and held valid by the courts of the state, and that by reason of the decision of the Supreme Court of the state, upholding the ordinance, it would be useless for the plaintiff to defend or prosecute an action in the state court, is not sufficient to make it an exception to the rule. The Supreme Court is the final, but not the sole, interpreter of the federal Constitution. If the courts of the state do not protect the plaintiff in all its constitutional rights, an appeal lies to the Supreme Court of the United States, and the District Court

· ·will not now presume but that the constitutional questions involved will be fairly met and passed upon by the state courts, if they are afforded the opportunity, passed upon in such wise as to enable the plaintiff to secure a review, if the decision is adverse to it, by the Supreme Court of the United States, which is vested with authority to review alike decisions of the state Supreme Courts and those of this on such questions.

The allegation that the ordinance has been upheld by the state courts and the intimation that it would be upheld by those courts might render it advantageous to the complainant to have the question of the validity of the ordinance passed upon by this court in preference to the state court, in that the costs and uncertainty of an appeal to the Supreme Court of the United States might be thereby shifted from the complainant to the respondents; but that consideration alone will not afford a ground for equitable relief.

The demurrer to the bill of complaint is sustained, and the motion for a preliminary injunction denied.