PHILLIPS *et al. vs.* THE MAYOR, ETC., OF STONE MOUNTAIN.

No injunction, or order in the nature of injunction, will be granted to restrain proceedings in a criminal matter.

Criminal law. Injunction. Before Judge HILLYER. DeKalb County. At Chambers. April 25th, 1878.

Phillips and other liquor dealers doing business in the town of Stone Mountain, filed their bill against the municipal authorities praying that they be restrained from trying, convicting and fining them for a violation of the provisions

of an ordinance which the complainants alleged to be void. This ordinance was passed after licenses were issued to complainants, and materially restricted their business. It required that the doors of all retail houses be closed during the continuance of divine service by any denomination of Christian people within the corporate limits of Stone Mountain, and imposed a penalty of $50.00 upon any person who should sell liquor during such service. It further provided that the prohibition covered not only the time during which such services were being performed, but on protracted occasions it extended to all intermissions by day or night. The bill alleged that two of the complainants had already been fined for a violation of this ordinance, and had carried their cases by *certiorari* to the superior court. It was charged and admitted that it was the intention of the municipal authorities to strictly enforce its provisions. The injunction was denied and complainants excepted.

L. J. Winn, for plaintiffs in error, cited, to show ordinance *ultra vires*, §§3, 7, p. 268, acts of 1872; 3 *Ga.*, 31; 7 *Ib.*, 221; 8 *Ib.*, 23; 40 *Ib.*, 581; 2 Cranch, 127; Dil. Mun. Corp., §§250, 251; 33 N. H., 424, 430; 34 *Ib.*, 424; 14 N. J., 223. Violates contract, Dil. Mun. Corp., §280; 6 Rich. (Law), 404; 5 *Ga.*, 447; 4 *Ib.*, 208; 10 *Ib.*, 532; 46 Ala., 329; 43 Miss., 728; Dil. Mun. Corp., §§30, 36, 39. Ordinance inconsistent with legislative policy, Dil. Mun. Corp., §§259, 263; 11 Ohio, 688; 3 *Ib.*, 427; 9 *Ib.*, 493; 18 *Ib.*, 423; 29 *Ga.*, 56, 333; 39 *Ib.*, 69; 6 Ala., 653; Green's Brice's *Ultra Vires*, p. 12.

Candler & Thomson, for defendant, cited, to show power to restrict liquor traffic, 18 *Ga.*, 586; 10 How., 416. License not a contract, no vested rights acquired, 36 *Ga.*, 462; 5 Gray, 597; 38 N. H., 225; 10 How., 416; 34 N. Y., 657; 1 Ohio, 15; 68 Ill., 444.

Bleckley, Justice.

Injunctions or orders in the nature of injunction, are not granted by courts of equity to restrain proceedings in crimi-

nal matters. Eden on Inj., 66 ; 2 Vesey Sr., 396 ; Hilliard on Inj., 2, 269 ; Kerr on Inj., 2 ; 30 Ala., 135 ; 53 *Ga.*, 675. For this reason, whatever may be the infirmities of the penal ordinances of Stone Mountain, an injunction in the present case was properly denied. If unlawful convictions take place before a municipal court, reversal can be had in the superior court, as a court of law, by *certiorari*. This is a plain and adequate remedy, and a court of equity need not and cannot interfere. Chancery takes no part in the administration of criminal law. It neither aids the criminal courts in the exercise of jurisdiction nor restrains or obstructs them.

Judgment affirmed.