### MAYOR etc. OF MOULTRIE v. PATTERSON.

A court of equity will not interfere by injunction to restrain the execution of a municipal ordinance of a criminal nature, on the ground of the invalidity of such ordinance, nor on the further ground that the plaintiff is exempt from the operation of the same. The person affected has a full and adequate remedy at law to test the validity of the ordinance, as well as the question of his exemption from its operation.

Submitted November 8,—Decided December 1, 1899.

Injunction. Before Judge Hansell. Colquitt superior court. September term, 1899.

*McKenzie & McKenzie*, and *J. A. Wilkes*, for plaintiff in error.

LITTLE, J. Patterson presented his petition to the judge of the superior court, alleging that in June, 1899, the Mayor and Aldermen of the City of Moultrie passed an ordinance prohibiting the sale of beef, mutton, pork, and fish within the limits of the City of Moultrie, except in the city market, and a violation of the terms of said ordinance was punishable by a fine in the discretion of the mayor. Petitioner alleges that he is a disabled, indigent Confederate soldier, and was possessed of the necessary certificates which allowed him to peddle and do business in this State without a license; that in August, 1899, he was arrested by the marshal of the City of Moultrie for a violation of the terms of said ordinance, was tried, convicted, and fined. He further alleges that the ordinance is invalid, and, if it is not, that the certificates issued to him empowered him to sell meats in the incorporation of the City of Moultrie and to be immune from arrest and interruption in his business. He further alleges that if he continues to ply his said business he will be constantly arrested and fined. He prays for an injunction restraining the Mayor and Aldermen of the City of Moultrie from in any way interfering with his business, and from arresting him, from arraigning him in the police courts, or from fining or imprisoning him, and from the collection of such fines as have already been imposed. Defendant demurred to the petition, among other grounds, because a court of equity has no jurisdiction to restrain the enforcement of a criminal ordinance by injunction, and because a court of equity has no right to prevent prosecutions for any criminal offense in the violation of municipal ordinances by injunction. These are the only questions which we find it necessary to consider. The doctrine is laid down in the 2d volume of High on Injunctions, § 1244, that "A court of equity will not, therefore, interfere by injunction to restrain municipal officers from prosecuting suits against complainants, or from interfering with their business because of their violation of municipal ordinances which are alleged to be illegal, since the question of the validity of such ordinances does not properly pertain to a court of equity, when complainants have a perfect remedy at law, if the ordi-

nances are invalid, by an action to recover damages for the injury sustained." Citing 10 Paige, 539; 77 N. C. 2. In 2 Beach on Injunctions, § 1289, it is declared, that "An injunction will not be granted to prevent the enforcement of a municipal ordinance on the ground of its alleged illegality; for if a criminal prosecution should ensue upon its violation, its validity would then come directly before the courts." Citing 109 N. C. 21.

In the case of *Phillips* v. *Stone Mountain*, 61 *Ga.* 386, the plaintiffs in error filed their bill against the municipal authorities, praying that they be restrained from trying, convicting, and fining them for the violation of the provisions of an ordinance which the plaintiffs alleged to be void, and which materially restricted their business. It was charged and admitted that it was the intention of the municipal authorities to strictly enforce its provisions. Justice Bleckley, in delivering the opinion in that case, said: "Injunctions, or orders in the nature of injunction, are not granted by courts of equity to restrain proceedings in criminal matters," citing Eden on Inj. 66; 2 Vesey Sr. 396; Hilliard on Inj. 2, 269; Kerr on Inj. 2; 30 Ala. 135. Further in the opinion he says: "Chancery takes no part in the administration of criminal law. It neither aids the criminal courts in the exercise of jurisdiction nor restrains or obstructs them." In the case of *Garrison* v. *Atlanta*, 68 *Ga.* 64, an injunction was sought to restrain the municipal authorities of the City of Atlanta from enforcing an ordinance which declared that no cattle of any kind should be allowed to run at large upon the streets, for the enforcement of which a penalty by fine or imprisonment was provided against the owner upon conviction. The chancellor held that injunction did not lie to restrain proceedings of this character; and the court in that case held that: "Injunction will not be granted to restrain a criminal proceeding." See also 1 Spelling on Extraordinary Relief, § 71. In the case of *Gault* v. *Wallis*, 53 *Ga.* 677, this court said: "We know of no principle of equity jurisprudence which confers upon a court of equity jurisdiction to interfere with the administration of the criminal laws of the State by injunction or otherwise. For a court of equity to as-

sume jurisdiction in criminal cases, and enjoin the judgments of the courts, would be a novel and dangerous precedent to establish." See also *Paulk* v. *Sycamore*, 104 *Ga.* 24. In the case of the *City of Atlanta* v. *Gate City Gas Light Company*, 71 *Ga.* 106, which was also a case wherein it was sought to enjoin the enforcement of a municipal ordinance, this court ruled that equity would not interfere by injunction with the prosecution of a criminal proceeding not touching the enjoyment of property; that it would do so where it was evident that private property and civil rights were invaded by such means; and, to sustain the ruling there made, quoted from Kerr on Injunctions, 2, as follows: "But if an act which is also criminal touches also the enjoyment of property, the court has jurisdiction, but its interference is founded solely on the ground of injury to property." In this case the validity of the ordinance is attacked, and it is urged also that the defendant has a license to engage in the business, notwithstanding the municipal ordinance. Neither of these questions is or ought to be cognizable in a court of equity. The plaintiff in error can have his rights adjudicated otherwise than by seeking the interposition of the restraint which equity imposes only in cases where it is necessary to do so in order to protect some right which is in jeopardy and which can not otherwise be fully protected.

*Judgment reversed. All the Justices concurring.*