## HASBROUCK et al. v. BONDURANT & McKINNON et al.

.ATKINSON, J.  1. The general rule is that equity will not interfere with the enforcement of criminal law, nor aid or obstruct the criminal courts in the exercise of their jurisdiction. But this rule does not deprive a court of equity of its power to protect private property, nor defeat its right to enjoin a continuing injury to property or business. When equity acts in such instances, it ignores the criminal feature and exercises its jurisdiction solely with reference to the effect of the act on the property or business. *Ga. R. Co. v. Atlanta*, 118 *Ga.* 486.

·2. When a contract is in writing, each party has a right to expect the other to do precisely what he promises; but if, in the course of the execution of the contract, some of the terms are departed from and money is paid and received on such departure for some time, then before there can be a recovery by one of the contracting parties from the other for failure to pursue the letter of the agreement, he must notify the other party with clearness of his purpose thenceforth to stand on the original contract. Until such notice, the departure is to be treated as in the nature of a new undertaking. *Eaves* v. *Cherokee Iron Co.*, 73 *Ga.* 459 (2) ; Civil Code, § 3642. See also, in this connection, *Provident Assurance Society* v. *Ga. Industrial Co.*, 124 *Ga.* 399.

.3. In this case the plaintiffs sought an injunction against the defendants to restrain. them from further proceeding under a contract claimed by the plaintiffs to have been forfeited. The defendants sought an injunction against the plaintiffs to restrain them from interfering with the property which was the subject-matter of the contract, upon the ground

that the contract was still subsisting. The judge refused to grant the injunction prayed for by the plaintiffs, but required the defendants to give a bond to answer any judgment that the plaintiffs might recover; and granted the injunction prayed for by the defendants. The evidence upon material questions involved in both applications was conflicting, and the discretion of the judge in refusing one application and granting the other will not be interfered with.

*Judgment affirmed. All the Justices concur.*

Argued December 3,—Decided December 13, 1906.

Injunction. Before Judge Pendleton. Fulton superior court. June 15, 1906.

*H. B. Moss,* for plaintiffs.

*V. A. Batchelor* and *Walter McElreath,* for defendants.