## JEWEL TEA COMPANY INCORPORATED *v.* CITY OF CARTERSVILLE *et al.*

No. 12059. MARCH 9, 1938.

*Richard D. Sturtevant, E. J. Summerour,* and *Albert E. Mayer,* for plaintiff.

*Finley & Henson* and *Neel & Ault,* for defendants.

BELL, Justice. The question in this case is whether the court erred in refusing an interlocutory injunction as prayed by the plaintiff. The Jewel Tea Company by its petition as amended sought an injunction against the City of Cartersville and L. V. Payne as chief of police, to restrain the defendants from enforcing against the plaintiff and its agents an ordinance adopted by the City of Cartersville on April 16, 1937, and reading as follows:

"Section 1. The practice of going in and upon private residences in the City of Cartersville, and upon the public streets of

the City of Cartersville, by solicitors, peddlers, hawkers, itinerant merchants, and transient vendors of merchandise, not having been requested or invited to do so by the owner or owners, occupant or occupants of said private residences, and by the proper officials of said City of Cartersville as to the streets of said City of Cartersville, for the purpose of soliciting orders for the sale of goods, wares, and merchandise, and/or for the purpose of disposing of and/or peddling or hawking the same, is hereby declared to be a nuisance, and punishable as such nuisance as an offense against the City of Cartersville.

"Section 2. The chief of police and the police force of the City of Cartersville are hereby authorized, required, and directed to suppress and abate any such nuisance as is described in section one hereof.

"Section 3. Any person, persons, firm, or corporation convicted of a nuisance as described in section one hereof upon conviction shall be punished as provided in section 595 of the Code of the City of Cartersville.

"Section 4. Be it further ordained, that if for any reason any part of this ordinance be held unconstitutional or invalid, such holding shall not affect or destroy the constitutionality or validity of any other portion or part of the ordinance.

"Section 5. All ordinances and parts of ordinances in conflict herewith are hereby repealed."

The petition was filed on May 28, 1937. The plaintiff alleges that it is engaged in the business of selling coffee, tea, toilet articles, and other merchandise, which it delivers directly to consumers, and has established a valuable business in Cartersville; that on May 27, 1937, its branch salesman and route manager, C. B. Garrison, was arrested and required to give bond in the sum of $100 for his appearance in the recorder's court on May 31, 1937, to answer for an alleged violation of the ordinance; and that other prosecutions are threatened and will be instituted against Garrison and other agents of the plaintiff, unless the defendants are enjoined. It is alleged that the ordinance is invalid, because it violates stated provisions of the State and Federal constitutions, and because it is arbitrary and unreasonable. An injunction was sought upon the additional ground that in prosecuting the plaintiff's agents, including Garrison, the city authori-

ties are enforcing the ordinance unevenly, in that they are discriminating against the plaintiff and its agents because they are non-residents of the city, and no attempt is being made to enforce the ordinance against local merchants. The petition also alleges, in effect, that the defendants are not acting in good faith, but are prompted by an intention to destroy the business of the plaintiff and its agents; and that the recorder and the police officers would even prevent the agents of the plaintiff from calling at private residences for any purpose, whether on invitation or otherwise, notwithstanding many of the residents were indebted to the plaintiff for goods sold and delivered and had placed orders which the plaintiff desired to fill. The plaintiff prayed for an injunction restraining the defendants from future interference with the plaintiff's business, from prosecuting its branch salesman or route manager C. B. Garrison, or any other agent of the plaintiff, and from carrying out the "aforesaid threats of continued prosecution;" for a decree declaring the ordinance void; and for general relief.

The defendants filed an answer in which they admitted the passage of the ordinance in question and their intention to enforce it against Garrison and others violating its terms, but denied the other material allegations of the petition, and especially averred that "the only purpose of the city authorities is to enforce the provisions of the ordinance in question where an offense is committed in violation thereof; there has not been in the past and there will not be in the future any effort to abate or destroy any business. If the plaintiff or its agents have a request or invitation to go in and upon private residences before doing so, or the visit is made for the purpose of collecting debts or delivering goods sold prior to the adoption of the ordinance, there will be no violation of the ordinance, and no interference with such transactions is contemplated or intended." The petition as amended and the answer were positively verified, and both were introduced in evidence at the interlocutory hearing. The plaintiff introduced additional evidence in support of the allegations of the petition, and the evidence for the defendants supported in equal degree the denials and allegations contained in their answer. The judge denied an interlocutory injunction. He decided that the ordinance was valid; but he held also that under the evidence the plaintiff was not entitled to an injunction, for the reason that it had an

adequate remedy at law by defending the prosecutions. The plaintiff excepted.

The general rule is that an injunction will not issue to restrain a criminal prosecution, and the rule is not changed by the fact that the prosecution may be based upon an invalid ordinance, in the absence of other circumstances to justify interference by a court of equity. This is true for the reason that the ordinance may be attacked as well by a defense to a prosecution as by injunction. *Snow's Laundry* v. *Dublin,* 182 *Ga.* 316 (185 S. E. 343). In the instant case the allegations of the petition and the evidence for the plaintiff, if accepted without question, may have shown sufficient ground for the interposition of a court of equity; but, as stated above, the plaintiff's allegations as to the manner and purpose of the defendants in their enforcement of the ordinance were distinctly denied, and the judge was authorized to find in favor of their contentions. In other words, while there was evidence for the plaintiff to the contrary, the evidence for the defendants was sufficient to show that the ordinance was intended not to be operative against non-residents only, but was aimed against all persons, including residents of the city, engaged in the solicitation of orders for goods at private residences without request or invitation from the owners or occupants; that no statements had been made to the plaintiff or any of its agents, as contended, that they could not enter private homes for the purpose of collecting debts or complying with contracts previously undertaken; that residents as well as non-residents had been warned to desist from selling or offering to sell their goods or merchandise in violation of the ordinance; that the defendants were not intending to injure or destroy the business of any one; that there was no discrimination or intention to discriminate against any person; and that the defendants were not prompted by any malicious or ulterior motive as alleged, but were merely endeavoring in good faith to enforce the ordinance. There was evidence that one local automobile salesman had violated the ordinance, but it did not appear that such violation was known to the law enforcement officers.

Thus, eliminating all issues upon which the judge was authorized to find in favor of the defendants, we arrive at the simple question whether prosecutions instituted and carried on in good faith under this ordinance should be subject to restraint by in-

junction, even if the ordinance be invalid as contended. The ordinance merely prohibits personal calls at private residences for the purpose of soliciting orders for the sale of merchandise, unless the caller has first been invited or requested to do so by the owners or occupants. While it also prohibits solicitation on the public streets without similar request or invitation "by the proper officials," the present case does not involve any question as to solicitation upon the streets. It seems from the evidence that the judge would have been authorized to find that the agent Garrison had violated the terms of the ordinance by calling at private residences for the purpose mentioned, without request or invitation; but even if such were not the case, his innocence could be established in defense to a criminal prosecution, and in the same connection he could assail the ordinance as being invalid. If he did not prevail in the recorder's court, his conviction, if unlawful, would be subject to reversal, in the manner prescribed by law. Equity jurisdiction is established and allowed only for the relief of parties, where from any peculiar circumstances the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving from injuries done. Code, § 37-102. The fact that repeated arrests and prosecutions may be instituted under an invalid ordinance will not, without more, justify equitable interference. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177); *Chivilis* v. *West,* 182 *Ga.* 379 (185 S. E. 348). In view, therefore, of the findings which the judge was authorized to make and did make from the evidence, this court can not say that the plaintiff did not have an adequate remedy at law. There is a distinction between cases involving mere arrest and prosecution, *with the incidental delay and inconvenience which is common to all prosecutions,* and cases where property or a property right is directly affected. Under the evidence the judge was authorized to place this case in the the former class. It might be asked whether it is really more burdensome to appear and defend against a criminal charge than to bring suit and attend trial in a court of equity. In each case there must be some delay and trouble. In *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1), it was held that the case as made by the petition fell within the general rule that injunction will not issue to restrain criminal prosecutions. In the

Augusta case, as here, an ordinance was attacked as being invalid because in violation of the State and Federal constitutions. It was held that regardless of this question the petition did not state sufficient cause for equitable relief. The plaintiff, however, would distinguish that case upon the ground that in the present case the agent was threatened with repeated arrests and prosecutions, which would have made it impossible for the plaintiff or its agents to carry on their business in the City of Cartersville. These facts do not afford ground for a distinction.

From what has been said, the judgment now under review must be affirmed upon the ground that under the evidence the judge was authorized to find that the truth of the case did not present any exception to the general rule that an injunction will not issue to restrain a criminal prosecution. In this view, it is unnecessary to pass upon the validity of the ordinance assailed in the petition; indeed, it would be improper to do so in this proceeding, unless equity is to assume jurisdiction. Here and there decisions contrary to what is now ruled may be found; but, as pointed out in *Corley* v. *Atlanta,* supra, there are earlier unanimous decisions which must be followed. Such decisions are controlling, and are none the less so even though some of the later decisions may have had the concurrence of all the Justices. We again call attention to the following, among the earlier decisions: *Phillips* v. *Stone Mountain,* 61 *Ga.* 387; *Mayor &c. of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716). In case of doubt as to the proper procedure, these decisions should be given first consideration, being superior in authority to later decisions to the contrary. Code, § 6-1611. See also the discussions in *Paulk* v. *Sycamore,* 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296); *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854). "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. As was stated in *Jewel Tea Co.* v. *Augusta,* supra, there

are really no exceptions to this rule. When equity acts in such instances, it merely ignores the criminal feature and exercises its jurisdiction solely with reference to the property or property right affected. *Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (7) (45 S. E. 256); *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220 (56 S. E. 241). Cases of this class are commonly referred to as exceptions, when as a matter of fact they are only apparent exceptions, if that. For the sake of brevity, however, we follow the customary phraseology in this case, and will doubtless continue to do so in the future.

The trial judge, on deciding that the case was not one for equity jurisdiction, should properly have stopped there, without passing upon the validity of the ordinance. The present decision, therefore, is to be construed as leaving the latter question open,—not concluded against the plaintiff by the judge's order.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*