WALKER *et al.* *v.* MAYOR &c. OF CARROLLTON *et al.*

No. 12433.   NOVEMBER 25, 1938.

238

*J. L. Smith,* for plaintiffs. *Boykin* v. *Boykin,* for defendants.

ATKINSON, Presiding Justice. 1. The act approved March 23, 1935 (Ga. L. 1935, p. 492), legalized "sale of wines made from Georgia crops." The act approved March 30, 1937 (Ga. L. 1937, p. 851), amended the foregoing .act so as to add "foreign wines" to the above-mentioned legalized wines that might be sold. As to the sale of foreign and domestic wines in retail establishments, the City of Carrollton can not, in virtue of ordinances passed by the city council, arbitrarily and without cause prohibit the sale of any such wines. *McKown* v. *Atlanta,* 184 *Ga.* 221, 224, and cit.

2. The first ordinance in question purports to permit sale of wine in the City of Carrollton. The second prohibits the sale of wine within the city limits. The third purports to prohibit sale of wine within a described section of the city, including "any place of business on, adjoining, or adjacent to any paved street, or paved sidewalk, within the city limits of Carrollton, or the premises thereof, where the public, including women and children, are permitted to enter for the transaction of business of any character." The above-quoted provisions of the second and third ordinances are violative of the general law contained in the legislative acts first cited, in so far as they relate to wines; and being so, enforcement thereof would be arbitrary and without cause.

3. As a general rule, equity will not enjoin a criminal prosecution. The instant case as alleged in the petition is where separate proprietors conducted legal businesses licensed by the State, and such businesses were repeatedly raided and searched by the police, and repeated arrests of the proprietors were made because they kept wine in their places of business, and accompanying such arrests threats were made to continue the same and make cases against the proprietors for each day wine should be found in their places of business. Because of such repeated raiding and searching of the places of business, there was such interference with petitioners' business and property rights as to bring the case within the exception to the general rule. *Georgia Railroad &c. Co.* v. *Atlanta,* 118 *Ga.* 486 (7); *Hasbrouck* v. *Bondurant,* 127 *Ga.* 220; *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (4); *Carey* v. *Atlanta,* 143 *Ga.*

192 (2); *Glover* v. *Atlanta,* 148 *Ga.* 285 (4); *Hughes* v. *State Board,* 158 *Ga.* 602; *Chaires* v. *Atlanta,* 164 *Ga.* 755 (4); *Mc-Kown* v. *Atlanta,* 184 *Ga.* 221 (10), 225; *Jewel Tea Co.* v. *Cartersville,* 185 *Ga.* 799, 805. See *Brown* v. *Thomasville,* 156 *Ga.* 260 and cit.

4. The petition stated a cause of action, and the judge erred in sustaining the general demurrer and dismissing the case.

*Judgment reversed. All the Justices concur, except Jenkins and Duckworth, JJ., who dissent.*