This case is controlled in all material respects by Great Atlantic Pacific Tea Co. v. Columbus, 189 Ga. 458
(6 S.E.2d 320), in which all the essential facts were similar, and which we consider sound. On the question of the duty of courts to declare a municipal ordinance invalid as unreasonable, the Columbus case is supported in terms by Richardson v. Coker, 188 Ga. 170 (3 S.E.2d 636), and in our opinion is also supported by other earlier unanimous decisions of this court. The motion to review and overrule the two cases named is, after full consideration, denied. The judgment of the trial court is therefore affirmed for the reasons stated in the Columbus case; that is, the court had equitable jurisdiction, and the ordinance levying the tax was unreasonable.
Judgment affirmed. All the Justices concur.
 No. 13161. FEBRUARY 13, 1940.
This case arose on a writ of error by the City Council of Augusta and its officers from an interlocutory injunction against the enforcement of a municipal tax ordinance. In addition to levying other annual taxes on stores in the City of Augusta, ranging from $15 to $110, and additional amounts, on sales or receipts, the city by this ordinance, reciting as its reason "the advantage accruing from the operation of multiple stores wherever situated, and because of the basic difference inherent in such character of operation, or maintaining, as part of a group or chain, any store that is stationary, or stores that are stationary, in the city," levied an "occupation tax or license tax" on "the business of operating or maintaining as part of a group or chain any store that is stationary, or stores that are stationary in the city," "based on the number of stores or mercantile establishments included under the same general management, supervision, ownership, or control, whether operated in the City of Augusta, or not, and . . fixed and graded as follows:" $6 for each such store operated in the city, belonging to a chain or group having a total of not more than 10 stores, *Page 619 
whether operated in the City of Augusta or not; $36 for each such store belonging to a chain or group having from 10 to 20 stores; $66 for each such store belonging to a chain having from 20 to 30 stores; and in progressively increasing amounts up to $486 for each store of a chain having from 140 to 150 stores; and $1200 for each store of a chain having more than 150 stores.
The ordinance was attacked as unreasonable and void, because of its amounts in relation to the gross and net profits of the petitioner, and of the class in general to which the tax applied; because of its amounts by comparison with such taxes imposed by the city on other businesses; on account of its scheme of taxing stores in Augusta in amounts determined by the number of stores owned by a chain outside of the city; on account of the extreme difference in amount between the next to the last step and the last step in the tax schedule stated; and other reasons. The ordinance was attacked as also unconstitutional, because it made an illegal classification of businesses, was discriminatory, arbitrary, confiscatory, and for other reasons, in violation of the constitutions of the United States and of the State, as set forth in the petition.
While the petitioner, as an owner of "chain-stores," operated only 7 stores in Augusta, it had a total of more than 150 stores, and was taxed under the ordinance $1200 for each city store, a total of $8400 a year in addition to other city license taxes on each store ranging from $120 to $195; and other taxes including a State "chain-store" tax of $200 per store. The only other chain grocery store operating in Augusta was the Great Atlantic 
Pacific Tea Company, which had 8 stores in the city, and which, by its ownership of other stores, was also in the $1200 highest range of the tax. There was evidence for the petitioner as to amounts and the effect of the tax on the gross and net profits of the Augusta stores of these companies; and other evidence as to the nature and manner of operation of its business by the petitioner. The evidence as a whole on both sides was similar to that in Great Atlantic Pacific Tea Co. v. Columbus, supra.
In granting the interlocutory injunction against the city, the judge of the superior court held that the court had equitable jurisdiction to enjoin the alleged threatened prosecution or prosecutions and the enforcement of the tax, since the case fell within exceptions to the general rule; that the city had authority "to levy an *Page 620 
occupation tax;" that under the decision of the United States Supreme Court in Great Atlantic Pacific Tea Co. v. Grosjean,301 U.S. 412 (57 Sup. Ct. 772, L. ed.), the ordinance was not unconstitutional, as discriminatory and violative of the uniformity rule; but that the ordinance was null and void as unreasonable, since the tax levied was unreasonable, excessive, arbitrary, and confiscatory.
The only exceptions before this court are those of the city to the rulings that equity had jurisdiction, and that the ordinance was void as unreasonable, and to the judgment granting the injunction.