POWELL *et al. v.* HARTSFIELD, mayor, *et al.*

No. 13403. SEPTEMBER 24, 1940. REHEARING DENIED OCTOBER 15, 1940.

*F. Joe Turner*, for plaintiffs.

*J. C. Savage, J. C. Murphy, Edwin L. Sterne,* and *F. A. Hooper Jr.,* for defendants.

DUCKWORTH, Justice. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. This rule has been applied to municipal ordinances. *Phillips* v. *Stone Mountain,* 61 *Ga.* 386; *Garrison* v. *Atlanta,* 68 *Ga.* 64; *Pope* v. *Savannah,* 74 *Ga.* 365; *Mayor &c. of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716); *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381); *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177); *Smith* v. *Carlton,* 182 *Ga.* 494 (185 S. E. 777); *Spur Distributing Co.* v. *Americus,* post. While it has been held that this rule does not apply where it is evident that criminal proceedings directly threaten private property (*Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (7), 45 S. E. 256); *City of Macon* v. *Samples,* 167 *Ga.* 150 (2), 145 S. E. 57; *Southeastern Greyhound Lines Inc.* v. *Atlanta,* 177 *Ga.* 181, 170 S. E. 43; *Walker* v. *Carrollton,* 187 *Ga.* 237, 200 S. E. 268; *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458,

6 S. E. 2d, 320), yet in such cases injunction was allowed not for the purpose of preventing criminal prosecutions as such, but for the protection of property. The reasons assigned by plaintiffs in the present case why equity should intervene are reasons that practically any one charged with crime might truly assign for seeking equitable relief. Necessarily arrest and imprisonment deprives one of the right to work, the income from his labor, the use of his property, and the conduct of his business, and might reflect unfavorably upon his reputation as a law-abiding citizen; but his proper remedy, and an adequate remedy, is a defense on the trial of such criminal case. To permit an injunction of the criminal case for these reasons would nullify the statute (Code, § 55-102). The primary purpose of the petition is to enjoin criminal prosecutions, and for this reason it was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*