### RAY *v.* CITY OF DALTON *et al.*

No. 13519.   OCTOBER 17, 1940.

*C. H. Dalton,* for plaintiff.
*S. R. Brooke* and *I. C. Adams,* for defendant.

DUCKWORTH, Justice. The applicable statute is Code, § 55-102, which declares: "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." This principle of law was announced in *Gault* v. *Wallis, 53 Ga.* 675 (4), 678, as follows: "Courts of equity have no jurisdiction to interfere with the administration of the criminal laws of the State by injunction or otherwise. . . For a court of equity to assume jurisdiction in criminal cases, and enjoin the judgments of the courts, would be a novel and dangerous precedent to establish." See, to the same effect, *Phillips* v. *Stone Mountain, 61 Ga.* 386, where it was sought to enjoin the municipal authorities from prosecuting petitioners for a violation of the provisions of an ordinance which complainants alleged to be void. The ordinance was passed after licenses had been issued to complainants, and it materially restricted their business. It required that the businesses be closed during the continuance of divine service by any denomination of Christian people within the corporate limits, and imposed a penalty of $50 for operating such businesses during any such service. It further provided that the prohibition applied, not only at the time during which the services were being performed, but on protracted occasions which extended to all intermissions by day or night. In holding that the prayer for injunction was properly denied this court said: "Injunctions or orders in the nature of injunction, are not granted by courts of equity to restrain proceedings in criminal matters. . . For this reason, whatever may be the infirmities of the penal ordinances of Stone Mountain, an injunction in the present case was properly denied. If unlawful convictions take place before a municipal court, reversal can be had in the superior court, as a court of law, by certiorari. This is a plain and adequate remedy, and a court of equity need not and can not interfere." It is true that a large number of subsequent decisions of this court seem to constitute physical precedents for the grant of an injunction to restrain criminal prosecution; but it will be noted that all such decisions recognize the rule stated in the Code, § 55-102, but because of the peculiar facts in the particular case it was held that injunction was authorized. Without citing such decisions, suffice to say that to the extent that they are in conflict with the older decisions above cited they are not con-

trolling and do not alter the rule laid down in the older decisions. The facts here make a clear case of an effort to enjoin criminal prosecutions. The court properly denied an injunction.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*