CITY OF ATLANTA *et al. v.* MILLER *et al.*

No. 13613.   MARCH 19, 1941.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *F. A. Hooper Jr.,* for plaintiffs in error.

*J. Walter Mason,* contra.

DUCKWORTH, Justice. To withstand the general demurrer the petition must contain averments that show injury to petitioners for which they have no adequate remedy at law. In the outset of this inquiry we may put aside all allegations relating to criminal prosecution. Code, § 55-102; *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177), and cit.; *Spur Distributing Co.* v. *Americus,* 190 *Ga.* 842 (11 S. E. 2d, 30); *Ray* v. *Dalton,* 191 *Ga.* 46 (11 S. E. 2d, 193); Beal *v.* Missouri Pacific R. Cor., U. S. ( Sup. Ct. , 85 L. ed. 380). This rule is applicable to prosecutions for violation of municipal ordinances. *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296); *White* v. *Tifton,* supra; *Powell* v. *Hartsfield,* 190 *Ga.* 839 (11 S. E. 2d, 33). When these portions of the petition which constitute no ground for equitable jurisdiction are thus carved from the petition, there does not remain a single allegation of past or present injury to either of the petitioners resulting from the zoning ordinance of the City of Atlanta. It is true that the petition asserts, as reasons why it is contended that the ordinance is unconstitutional and void, that if the land involved should be divided and confined to the uses required by the ordinance it would thereby be rendered virtually worthless. However, such allegations do not constitute averments that such injuries have yet been suffered. On the contrary, it is further alleged that the property involved has at all times been and is now devoted to the most profitable use for which it is adaptable. In fact, the very heart of the owner's complaint is that the property can be profitably utilized only as a whole and for commercial purposes; and that if a portion of same is confined to residential uses, as provided by the ordinance, its value will be thereby virtually destroyed. Yet it is further asserted that its greatest value is in its present use by Miller for commercial purposes. No claim is made that the mere existence of the ordinance has caused injury to either of the petitioners or the property involved. No prospective purchaser or lessee is alleged to have been lost because of the existence of the ordinance. In this situation, even if the ordi-

nance is conceded to be void, neither of petitioners, failing as they do by this petition to show an injury inflicted upon them by the existence of the ordinance, would be entitled to equitable relief because of any anticipated injury therefrom. *Howard* v. *Briarcliff Zoological Corporation,* 178 *Ga.* 595 (173 S. E. 391) ; *Asa G. Candler Inc.* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129). Thus it is apparent that the only injury to either of petitioners which the petition claims entitles them to the relief sought is a possible fine or imprisonment of Miller. It is not asserted or contended that such criminal prosecution would or could in any degree cause injury to either of the petitioners or their property, against which they have no adequate remedy at law. This case is distinctly different from that of *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320), and *City of Albany* v. *Lippitt,* 191 *Ga.* 756, in neither of which was complaint made because of any fine or sentence that might be imposed as a result of the criminal prosecutions there involved, but rather in each it was asserted that the criminal prosecutions and the threat of continued prosecutions of agents and employees of petitioners would result in destroying the business and property of the petitioners; and it was held by this court that equity should take jurisdiction to protect the business and property against such injury. Nor do the rulings made in the following cases relied upon by defendants in error require a different ruling here: *Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (7, 8) (45 S. E. 256) ; *Carey* v. *Atlanta,* 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151) ; *Smith* v. *Atlanta,* 161 *Ga.* 769 (2) (132 S. E. 66) ; *Morrow* v. *Atlanta,* 162 *Ga.* 228 (133 S. E. 345) ; *Commissioners of Glynn County* v. *Cate,* 183 *Ga.* 111 (187 S. E. 636). *Smith* v. *Atlanta,* supra, involved an attack upon a zoning ordinance, and to this extent is similar to the present case. Although the opinion in that case makes no reference to the general rule under the Code, § 55-102, and cases decided thereunder, the second headnote is as follows: "Injunction was the remedy available to the petitioner to secure relief as against prosecution threatened in the event she should proceed to erect the buildings without permit." That decision is not controlling on the question here presented. In the first place, the facts are different. There the plaintiff was prevented from devoting her land to the use for which it was adapt-

able and for which it would be most profitable, and she together with her employees engaged in the construction of the building were arrested; while here the property involved is devoted to the use for which it is most suited and which will yield the greatest profit. Here neither of the plaintiffs has been arrested, and only one of them has been told that he would be given copies of the charges unless he removed his property within thirty days. In the second place, there can be no logical and rational distinction drawn between the property right there involved and the property right involved in *Phillips* v. *Stone Mountain,* 61 *Ga.* 386. The latter, being the older and by a full bench, is controlling. There is nothing peculiarly inherent in a zoning ordinance that gives equity jurisdiction to enjoin prosecutions thereunder. In *Morrow* v. *Atlanta,* supra, which involved a zoning ordinance, headnote 4 recognizes the general rule that equity has no jurisdiction to enjoin a criminal or quasi-criminal prosecution, but asserts that there is a well-recognized exception to this rule to the effect that equity will enjoin a prosecution for a violation of a municipal ordinance, which will result in depriving the accused of his right to exercise his business which in and of itself is perfectly lawful. While that case arose on the petition of Morrow to enjoin the city, the judgment excepted to and reviewed by that decision was one restraining Morrow from using his property as a tire-repair shop, operating a motor, repairing old tires, or storing old tires in said place, as prayed in defendant's answer and cross-bill; and this court held that the judgment excepted to was error and reversed the same. That decision is not in conflict with what is here ruled, because it recognizes that to give equity jurisdiction the threatened prosecution must "result in depriving the accused of his right to exercise a business." The same may be said of *Georgia Railroad & Banking Co.* v. *Atlanta* and *Carey* v. *Atlanta,* supra. In *Commissioners of Glynn County* v. *Cate,* supra, the commissioners of roads and revenue of Glynn County sought to prevent Cate by injunction from erecting on his land a building in violation of the Glynn County zoning act, and this court affirmed the judgment denying an injunction.

The demurrer to the present petition should have been sustained. This ruling on the demurrer renders nugatory the subsequent interlocutory hearing and judgment granting a temporary injunction.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents.*