## CITY OF ABBEVILLE v. RENFROE.

No. 13744. JUNE 14, 1941. REHEARING DENIED JULY 9, 1941.

*McDonald & McDonald,* for plaintiff in error.

*George P. Wright,* contra.

BELL, Justice. The petition alleged that on January 22, 1941, the defendant municipality adopted an ordinance regulating the business of dealing in wine, providing, among other things, that no such place of business should be kept open except between the hours of eight o'clock a. m. and four o'clock p. m. On February 1, 1941, the plaintiff obtained a license from the city for the sale of wine at retail within the corporate limits, for which he paid a stated license fee. On the same day a case was made against him for a violation of the provision of the ordinance as to hours, and on February 3 he was convicted and sentenced to pay a fine of $50. It was not alleged that he had paid the fine, or that he had applied for a writ of certiorari. He has been advised and believes that he will be prosecuted under said ordinance for each and every time that he keeps his place of business open and sells wine before eight o'clock a. m. or after four o'clock p. m. Such repeated prosecutions will injure and destroy his property and property rights and interfere with and destroy his lawful business. He further alleged that the ordinance was void for various reasons stated, and prayed that the defendant be enjoined from "arresting or making cases against petitioner for selling wine, or keeping his place of business open after said hour; that said ordinance be declared null and void; that petitioner have such other relief as to the court may seem proper." The city filed a general and special demurrer, and an answer. The court overruled the demurrer, and, after considering the case on the verified pleadings, granted an interlocutory injunction.

1. The case falls within the general rule that injunction will not issue to restrain criminal prosecutions. Accordingly, whether the ordinance be valid or invalid, the court erred in overruling the general demurrer and in granting an interlocutory injunction. Code, § 55-102; *Phillips* v. *Stone Mountain,* 61 *Ga.* 387; *Mayor &c. of Moultrie* v. *Patterson,* 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus,* 125 *Ga.* 96 (54 S. E. 74); *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N.

S.) 452); *Mayor &c. of Jonesboro* v. *Central of Georgia Railway Co.,* 134 *Ga.* 190 (67 S. E. 760); *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177); *Hodges* v. *State Revenue Commission,* 183 *Ga.* 832 (190 S. E. 36); *Powell* v. *Hartsfield,* 190 *Ga.* 839 (11 S. E. 2d, 33); *Anthony* v. *Atlanta,* 190 *Ga.* 841 (11 S. E. 2d, 197); *City of Atlanta* v. *Miller,* 191 *Ga.* 767 (13 S. E. 2d, 814).

2. The present case differs materially on its facts from *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 106, 126; *Georgia Railroad & Banking Co.* v. *Atlanta,* 118 *Ga.* 486 (8) (45 S. E. 256); *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138); *McKown* v. *Atlanta,* 184 *Ga.* 221 (190 S. E. 571); *Walker* v. *Carrollton,* 187 *Ga.* 237 (200 S. E. 268); *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320). In each of these cases there was more than mere criminal prosecution.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents.*