STEPHENS *et al. v.* CITY COUNCIL OF AUGUSTA *et al.*

BELL, Justice. 1. While the ordinance purported to confer certain powers on the barber board, including the power of inspection, which if exercised might result in physical interference with the plaintiff's business, the petition did not show that any of such powers had been exercised or attempted, and did not otherwise state a cause of action based on interference or threatened interference by such board. *Flint* v. *Augusta*, 192 *Ga.* 318 (14 S. E. 2d, 859). The case differs on its facts from *Walker* v. *Carrollton*, 187 *Ga.* 237 (200 S. E. 268), in which the petition contained averments as to repeated raids and searches.

2. The petition does not show that any effort has been made or will be made to enforce the ordinance otherwise than by criminal prosecution in the recorder's court, and as against such method of enforcement the plaintiff and others similarly situated will, so far as appears, have an adequate remedy at law. In such case equity will not intervene, either to declare the ordinance void or to enjoin its enforcement. Code, §§ 37-120, 55-102; *Powell* v. *Hartsfield*, 190 *Ga.* 839 (11 S. E. 2d, 33); *Anthony* v. *Atlanta*, 190 *Ga.* 841 (11 S. E. 2d, 197); *Spur Distributing Co.* v. *Americus*, 190 *Ga.* 842 (11 S. E. 2d, 30); *Ray* v. *Dalton*, 191 *Ga.* 46 (11 S. E. 2d, 193); *City of Abbeville* v. *Renfroe*, 192 *Ga.* 467 (15 S. E. 2d, 782).

3. If the decision in *Chaires* v. *Atlanta*, 164 *Ga.* 755 (139 S. E. 559, 55 A. L. R. 230), be construed as meaning that, in a case like the present, repeated prosecutions actual or threatened under a municipal ordinance alleged to be void would, without more, involve such injury or threatened injury to the business or property of the person affected as to justify a suit in equity to determine the validity of the ordinance and to enjoin its enforcement, the decision is to that extent contrary to earlier unanimous decisions by this court, which under the statute law of this State must be accepted as controlling in preference thereto. Code, § 6-1611; *Calhoun* v. *Cawley*, 104 *Ga.* 335 (30 S. E. 773); *City of Atlanta* v. *Miller*, 191 *Ga.* 767 (13 S. E. 2d, 814). For earlier unanimous decisions, see *Phillips* v. *Stone Mountain*, 61 *Ga.* 386; *Mayor &c. of Moultrie* v. *Patterson*, 109 *Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds*, 111 *Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus*, 125 *Ga.* 96 (54 S. E. 74); *Mayor &c. of Shellman* v. *Saxon*, 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.*, 134 *Ga.* 190 (67 S. E. 716); *Jones* v. *Carlton*, 146 *Ga.* 1 (90 S. E. 278); *Volunteers of America* v. *Atlanta*, 152 *Ga.* 461 (110 S. E. 282). Compare *Paulk* v. *Mayor & Aldermen of Sycamore*, 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128), and *Georgia Railway & Electric Co.* v. *Oakland City*, 129 *Ga.* 576 (59 S. E. 296), both of which, though decided by less than six Justices, were followed in *Mayor &c. of Shellman* v. *Saxon*, 134 *Ga.* 29 (supra).

4. If the instant petition might be taken as showing, not that the plaintiff is seeking to enjoin a criminal prosecution, but that since his conviction of a single violation he has complied with the ordinance, and is now seeking relief on the ground that such compliance is resulting in irreparable damage, the action is still not maintainable, since the only

allegation as to irreparable damage, to wit, "The enforcement is now working, and will continue to work, irreparable damage to plaintiff and the others in their business," is too general and indefinite to authorize equitable relief. *Walnut Transfer & Storage Co.* v. *Harrison*, 185 *Ga.* 720 (196 S. E. 432). Under such construction, the petition would be fatally defective as seeking a mere declaratory judgment, whereas "a declaratory action is not maintainable in this State." *Southern Railway Co.* v. *Georgia*, 116 *Ga.* 276 (2) (42 S. E. 508); *Spur Distributing Co.* v. *Americus*, 190 *Ga.* 842, (supra), and see especially the discussion and citations on page 847.

5. Under the foregoing rulings, the petition does not present a case in which it would be proper to determine the validity of the ordinance in question; and unless and until such a case is presented, no decision thereon will be made. The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*

ATKINSON, Presiding Justice, concurs specially, on the ground, as indicated in note 4, that the petition does not contain sufficient allegations as to irreparable damage. He dissents from the other rulings.

No. 14091. APRIL 16, 1942.

818

*Fleming & Fleming,* for plaintiffs.
*C. Wesley Killebrew,* for defendants.