632

Bell, Chief Justice. On January 15, 1946, the Mayor and Council of the City of Tallapoosa passed an ordinance prescribing an annual license fee of $2000 for the business of selling wine by retail in such municipality. The ordinance also contained numerous regulatory provisions, and made it a penal offense against the municipality for any person to engage in such business without a license, or to violate any of the prescribed rules or regulations contained therein. It did not provide any method for its enforcement except by criminal prosecution according to the city charter. Four persons, claiming the right to sell wine in such city, instituted an equitable action against the city and certain of its officers, alleging that the ordinance is confiscatory and otherwise invalid under provisions of the State and Federal Constitutions, and praying that the defendants be enjoined from enforcing or trying to enforce such ordinance either by prosecution or by execution, and that the ordinance be declared void and of no effect. At an interlocutory hearing, after the introduction of evidence by both sides, the judge denied an interlocutory injunction, and the plaintiffs excepted. *Held,* that the plaintiffs did not show that any effort has been made or will be made to enforce the ordinance otherwise than by criminal prosecution, and the case falls within the general rule that equity will not enjoin a criminal prosecution. Code, § 55-102; *City of Douglas* v. *South Ga. Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Jewel Tea Company* v. *Cartersville,* 185 *Ga.* 799 (196 S. E. 712); *Spur Distributing Co.* v. *Americus,* 190 *Ga.* 842 (11 S. E. 2d, 30); *Ray* v. *Dalton,* 191 *Ga.* 46 (11 S. E. 2d, 193); *Stephens* v. *Augusta,* 193 *Ga.* 815 (2) (20 S. E. 2d, 80); *Walker* v. *Carrollton,* 193 *Ga.* 894 (20 S. E. 2d, 600). Accordingly, whether the ordinance be valid or invalid, the judge did not err in refusing an interlocutory injunction.

(*a*) The instant case differs materially on its facts from *Walker* v. *Carrollton,* 187 *Ga.* 237 (200 S. E. 268), where the petition alleged repeated "raiding and searching of the places of business." It is also distinguished by its facts from *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320), and *City Council of Augusta* v. *Southern Grocery Stores,* 189 *Ga.* 618 (7 S. E. 2d, 181), with respect to the relief of injunction. Compare *New Mission Baptist Church* v. *Atlanta,* 200 *Ga.* 518 (3) (37 S. E. 2d, 377).

*Judgment affirmed.* *All the Justices concur.*

No. 15458. May 7, 1946.

*J. L. Smith,* for plaintiffs.   *H. J. McBride,* for defendants.