On January 15, 1946, the Mayor and Council of the City of Tallapoosa passed an ordinance prescribing an annual license fee of $2000 for the business of selling wine by retail in such municipality. The ordinance also contained numerous regulatory provisions, and made it a penal offense against the municipality for any person to engage in such business without a license, or to violate any of the prescribed rules or regulations contained therein. It did not provide any method for its enforcement except by criminal prosecution according to the city charter. Four persons, claiming the right to sell wine in such city, instituted an equitable action against the city and certain of its officers, alleging that the ordinance is confiscatory and otherwise invalid under provision of the State and Federal Constitutions, and praying that the defendants be enjoined from enforcing or trying to enforce such ordinance either by prosecution or by execution, and that the ordinance be declared void and of no effect. At an interlocutory hearing, after the introduction of evidence by both sides, the judge denied an interlocutory injunction, and the plaintiffs excepted. Held, that the plaintiffs did not show that any effort has been made or will be made to enforce the ordinance otherwise than by criminal prosecution, and the case falls within the general rule that equity will not enjoin a criminal prosecution. Code, § 55-102; City of Douglas v. South Ga. Grocery Co., 178 Ga. 657 (174 S.E. 127); Jewel Tea Company v. Cartersville, 185 Ga. 799 (196 S.E. 712); Spur Distributing Co. v. Americus, 190 Ga. 842
(11 S.E.2d 30); Ray v. Dalton, 191 Ga. 46 (11 S.E.2d 193); Stephens v. Augusta, 193 Ga. 815 (2) (20 S.E.2d 80); Walker v. Carrollton, 193 Ga. 894 (20 S.E.2d 600). Accordingly, whether the ordinance be valid or invalid, the judge did not err in refusing an interlocutory injunction.
(a) The instant case differs materially on its facts from Walker v. Carrollton, 187 Ga. 237 (200 S.E. 268), where the petition alleged repeated "raiding and searching of the places of business." It is also distinguished by its facts from Great Atlantic Pacific Tea Co. v. Columbus, 189 Ga. 458 (6 S.E.2d 320), and City Council of Augusta v. Southern Grocery Stores, 189 Ga. 618 (7 S.E.2d 181), with respect to the relief of injunction. Compare New Mission Baptist Church v. Atlanta, 200 Ga. 518 (3) (37 S.E.2d 377).
Judgment affirmed. All the Justicesconcur.
 No. 15458. MAY 7, 1946.
F. E. Deaton, A. A. Goebel, Cliff Thrower, and J. L. Watson filed a suit in equity against the City of Tallapoosa and named persons as mayor, aldermen, and chief of police, praying for injunction and other relief. The exception is to a judgment refusing an interlocutory injunction. *Page 633 
The petition alleged substantially the following facts: The plaintiffs are engaged in operating cafes in the City of Tallapoosa, with the exception of Watson, who operates the Wine Store in said city. Petitioners have paid their occupation taxes to said city, county, and State, or offered to pay same, and have the legal right to operate their places of business in said city. On January 15, 1946, the mayor and council passed an ordinance fixing an annual license fee of $2000 for each establishment or each person engaged in selling wine in said city, a copy of the ordinance being attached as an exhibit to the petition. Reference to the ordinance shows that it also prescribed numerous regulations for the conduct of such business. It provided among other things that any findings of fact by the governing body of the municipality upon any application for license or the matter of revoking a license, if there is any evidence of such facts, shall be conclusive as to the existence of such facts "on any hearing for injunction against said governing body, mandamus, or other legal proceedings against said governing body of said municipality."
The ordinance contained no provision for its enforcement except by criminal prosecution in the manner prescribed by the city charter. It contained a declaration that it was adopted for the purpose of promoting temperance in the use of alcoholic beverages in said city.
The petition further alleged:
7. The passage of said ordinance is unreasonable, unjust, and unfair, and amounts to the same as prohibiting the sale of wine in the City of Tallapoosa. Said ordinance fixing $2000 as a license fee is excessive and amounts to prohibiting the sale of wine in said city.
8. Petitioners do not realize the sum of $2000 from the sale of wine in said city. They do not clear as profit off the sale of wine for a year more than $750 to $1000 each.
9. The provision of said ordinance which makes the finding of the mayor and council final and conclusive is null and void, for the reason that it gives the applicant no right of appeal. The same is null and void and unreasonable and unjust, for the reason that, if the applicant should pay the $2000, the mayor and council can revoke his license the next week and there is no provision made for the return of his money. Said ordinance is null *Page 634 
and void, unreasonable, unjust and unfair, in that it precludes an applicant from injunction, mandamus, or other legal remedy that he might desire against the mayor and council of said city.
10. Said ordinance is null and void, unreasonable, unjust and unfair, in that it provides the punishment for doing business while without license, and the same precludes the defendants from offering any evidence or from appeal to any court.
11. Said ordinance is null and void as to "the provision with reference to the sale of wine in less than one pint and placing the same upon the shelves, and the provision of prohibiting a person from opening a bottle in the place of business, and the provision that no table, bar, or seats shall be kept in such place of business, and that no such business shall be conducted in the same room or building where other business is conducted, and the provision that a business shall not be conducted where there is an inside connection between the rooms in which said business is conducted and a room where other business is conducted."
12. The entire ordinance is null and void for the reason that the same is unconstitutional, because it made an illegal classification of businesses; and that it is discriminatory, arbitrary, confiscatory, and is in violation of the "Constitution of the United States and of this State, article 1, section 1, paragraph 2. The same is in violation of uniformity of taxation of the State Constitution, article 7, section 2, paragraph 1."
13. The business-license tax in the City of Tallapoosa is from $5 to $25 on individual business.
14. "Petitioners show that . . [the legislative act], Georgia Laws, 1935, page 492, as amended March 30, 1937, permits and legalizes the sale of wine in the State of Georgia, and that the same is a legitimate business in Haralson County, Georgia, for the reason that there has never been 15% of the registered voters calling for an election on the sale of wine, nor has there been any petition filed in the superior court in said county, and that the mayor and city council by placing the unreasonable, excessive, and arbitrary license fee is trying to prohibit a legal business by so doing."
15. The mayor and council have ordered the chief of police to arrest and make cases against the petitioners, and for every day they operate and sell wine in the City of Tallapoosa, and the chief *Page 635 
of police has threatened to carry out said orders, which arrest and search and seizure would practically ruin their business, and they would be injured and damaged in the sum of $500 or other large sums.
16. The petitioners have no adequate remedy at law, and unless the court intervenes and restrains the mayor and council and the chief of police from enforcing the illegal ordinance, they will be damaged in the amount aforesaid.
17. The petitioners bring this suit jointly in order to save a multiplicity of suits, they having a common interest and common cause in said matter.
The petition contained the following prayers: That a rule nisi issue, requiring the defendants to show cause why the restraining order and injunction should not be made permanent; that the defendants be restrained and enjoined from enforcing or trying to enforce the ordinance attached to the petition by criminal prosecution or by execution or otherwise; and that said ordinance be declared null and void and of no force and effect.
The defendants filed a general and special demurrer, but the judge made no ruling thereon at the interlocutory hearing, stating in the order denying an injunction that the demurrer "was considered with the other pleadings." The defendants also filed an answer, in which they admitted the adoption of the ordinance, but denied all of the allegations with respect to its invalidity. The plaintiffs introduced evidence tending to show that none of them could make a profit on the sale of wine in the City of Tallapoosa after paying an annual license fee of $2000 as required by the ordinance. The defendants introduced evidence to the contrary, but it is contended by the plaintiffs that this evidence was merely opinionative, and did not rebut the evidence introduced by them in support of their petition.