## A94A1696. JOHNSON v. DeKALB COUNTY.
(449 SE2d 311)

BLACKBURN, Judge.

On September 19, 1989, following a bench trial, the Recorder's Court of DeKalb County found appellant, Joseph F. Johnson, not guilty of maintaining a non-conforming use in violation of the zoning ordinances of DeKalb County because the offense had not been prosecuted within one year of the date thereof as prescribed by county ordinance Chapter 4, Recorder's Court Section 1.404. The proceeding was not transcribed and neither party requested a court reporter. A tape recording was made of the recorder's court hearing but is not a part of the record. It is undisputed that the original non-conforming structure pre-dated the violated zoning ordinance and is grandfathered. There was initially some question as to when a subsequent non-conforming addition, which was the basis for the charge, was constructed.

On October 19, 1989, DeKalb County filed a petition for writ of certiorari in the Superior Court of DeKalb County asserting that the limitation period had not expired based upon county ordinance 11-2402, which provides that each violation shall be deemed a separate offense. Johnson's motion to dismiss the petition was ultimately denied on August 26, 1992.

The Superior Court of DeKalb County remanded the case to the recorder's court for a determination as to whether the recorder's court judge, respondent herein, found that both the existing structure and the addition pre-existed the zoning ordinance and were both therefore grandfathered, or if the addition was not grandfathered, whether prosecution was barred because DeKalb County, with knowledge of the violation, failed to prosecute same within one year of such offense. The superior court determined the statute of limitation did not bar prosecution because of the continuing nature of the offense.

Upon remand, the recorder's court judge responded that "the decision of September 19, 1989, was based on the premises that the one year statute of limitations ran on newly constructed additions to property grandfathered in when the zoning law was passed." On February 4, 1994, the DeKalb Superior Court granted DeKalb County's writ of certiorari, reversed the recorder's court's September 19, 1989

order, and remanded the case to the recorder's court for an appropriate disposition in light of its decision on the statute of limitation. We granted Johnson's application for discretionary review.

1. Johnson initially asserts that the trial court erred in denying his motion to dismiss because the state did not have the authority to challenge the lower court's decision in this quasi-criminal proceeding. This contention is without merit. The prosecution for violation of a city or county ordinance is a "quasi-criminal" case. While OCGA § 5-6-33 (a), provides only for an appeal by the defendant in a criminal proceeding, OCGA § 5-6-33 (b) specifies that "[t]his Code section shall not affect Chapter 7 of this title." Chapter 7 deals specifically with appeals by the State in criminal cases, and pursuant to OCGA § 5-7-1 (1), the State is authorized to appeal from an order, decision or judgment dismissing any indictment or accusation. *State v. Speir*, 189 Ga. App. 254 (1) (375 SE2d 298) (1988). OCGA § 5-7-3 expands the right of the state to appeal in those cases where the right of certiorari is provided as a procedure for appealing a judgment in the specified situations set forth in OCGA §§ 5-7-1 and 5-7-2.

In this case, the substance of the recorder's court's action was to dismiss the citation because of the expiration of the applicable limitation period, and not on evidentiary grounds as Johnson asserts. See *State v. Williams*, 172 Ga. App. 708 (1) (324 SE2d 557) (1984). Accordingly, this appeal falls squarely within the category delineated in OCGA § 5-7-1 (2), and therefore, Johnson's motion to dismiss was properly denied.

2. Johnson incorrectly contends that the superior court lacked the authority to remand the case to the recorder's court for further findings. OCGA § 5-4-14 (a) specifically provides that the superior court, upon hearing a writ of certiorari, "may order the same to be dismissed or may return the same to the court from which it came with instructions."

3. Lastly, Johnson maintains that the superior court erred in granting DeKalb County's writ of certiorari and in reversing the recorder's court's dismissal of the charges against him. However, DeKalb County zoning ordinance 11-2402, on which the trial court relied, provides that each day a violation exists shall be deemed a separate offense, and consequently, Johnson was subject to prosecution for the continuing violation within one year of the date of each offense for maintaining a non-conforming use on his property where the non-conforming addition was not grandfathered. Johnson does not challenge the validity of the ordinance, and therefore, this issue is not before us. See *Stephens v. City Council of Augusta*, 193 Ga. 815 (5) (20 SE2d 80) (1942). Johnson does challenge the application of the ordinance; however, it is unambiguous and must be applied according to its terms, as the superior court applied it. Johnson offers no au-

thority to the contrary.

Based on the response of the recorder's court judge on the original remand, there was no question of fact involved at the time that the court granted certiorari and made its final ruling on the statute of limitation issue. On certiorari, the superior court properly ruled pursuant to OCGA § 5-4-14.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 4, 1994.

*Zachary & Segraves, William E. Zachary, Jr.,* for appellant.
*Jonathan A. Weintraub, Joyce Averils, Joan F. Roach, Glenn P. Stephens,* for appellee.