SPEED OIL OF ATLANTA INC. *v.* CITY OF ROME *et al.*

No. 13946. JANUARY 15, 1942.

*Alec Harris,* for plaintiff.

*Lanham & Parker* and *Horace T. Clary,* for defendants.

JENKINS, Justice. The City of Rome enacted an ordinance prohibiting gasoline-service sations from operating between the hours of 7 p. m. and 7 a. m., with a proviso that the chief of police in cases of emergency might issue a certificate authorizing such stations to sell the necessary amount, and the dispenser would be exempt from any penalty imposed by such ordinance. The plaintiff filed in the superior court a petition and amendment thereto, seeking to enjoin the enforcement of this ordinance, on the grounds, that the city was without power to enact the same; that the plaintiff would suffer irreparable losses not subject to computation; that, even if such losses were subject to computation, there was no one legally responsible to petitioner and subject to answer in damages for such losses; that said ordinance is null and void, for the reason that it is class legislation and is a discrimination against a legitimate business; that it imposes unfair, unjust, and unwarranted hardships both on petitioner and on its customers; that the provision relating to emergency sales is illegal and void, in that it imposes unwarranted power and authority in the hands of the chief of police; that the ordinance is unreasonable and illegal, for the

reason that, if it could fix such hours for opening and closing a business, it could fix any other hours that it might provide; that the ordinance violates art. 1, sec. 1, par. 2 and 3, of the State constitution, and the 14th amendment to the Federal constitution; that said ordinance is not for the promotion of the health and moral well-being of the public, and is therefore beyond the limits of its constitutional authority; and that since about one third of petitioner's business is between the hours of 7 p. m. and 7 a. m., the ordinance is an undue interference with a legitimate business. At interlocutory hearing the defendants filed a demurrer on the following grounds: that the petition set forth no cause of action; that there is no equity in the petition; and that petitioner had an adequate remedy at law by defending any criminal proceedings that might be brought against it. The court did not hear any evidence, and the defendants did not file any plea; but after argument the court entered an order sustaining the demurrer and dismissing the action; and the petitioner excepted.

This case falls within the general rule that an injunction will not issue to restrain criminal prosecutions. Accordingly, whether the ordinance be valid or invalid, the court did not err in sustaining the general demurrer and dismissing the action. See *City of Abbeville* v. *Renfroe,* 192 *Ga.* 467 (15 S. E. 2d, 782); *Speed Oil Co.* v. *Dublin,* ante, 325.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*