Under the general rule that equity will not act simply to restrain criminal prosecution, the court did not err in refusing an interlocutory injunction on the hearing of a petition seeking to enjoin municipality from arresting or making cases against petitioners for operating cafes and selling wines without licenses therefor, in violation of city ordinances, whether the ordinances were valid or invalid.
 No. 14130. MAY 27, 1942.
Carl Walker and Seamon Baskin brought in the superior court their joint equitable petition against the mayor and council, clerk, and chief of police of the City of Carrollton, praying that the defendants be enjoined from arresting the plaintiffs, making cases *Page 895 
against them, and interfering with their business; and to declare certain ordinances void and unconstitutional. Plaintiffs alleged that they operated cafes in said city, and that they had tendered the license fee therefor, but the defendants had refused to issue them licenses and had made three cases against them, "and are now threatening to make a case against them each day they operate without a license." The ordinances set out required an annual license fee of $750 of all persons, firms, or corporations selling wine at retail, and $10 annually for the operation of a cafe separately, and provided that the wine license would be issued only when wine exclusively was to be sold in the room or building; and the cafe license would be issued only when no wine was to be sold or served in conjunction with the cafe business or in the same room or building therewith; and provided punishment by fine for violations thereof. The wine license fee was attacked as excessive, and the fee and the ordinances were attacked as being discriminatory, prohibitory in their nature, depriving petitioners of their property rights, amounting to a prohibition of legal businesses, and void as violative of the constitution of the State, article 1, section 1, paragraph 2 (Code, § 2-102), article 1, section 1, paragraph 3 (§ 2-103), and article 1, section 4, paragraph 1 (§ 2-401). In a separate paragraph, without the statement of any other facts in connection, the plaintiffs alleged: "that continual searches and seizures will cause petitioners irreparable loss and ruin their business, and that your petitioners are without remedy at law unless a court of equity intervenes and restrains and enjoins the defendants; that the prosecution is instituted and carried on for the purpose of destroying the business of petitioners and preventing the exercise of a legitimate business." The defendants filed their answer in which they admitted the existence of the ordinances and the allegations of the petition as to the residence of the parties, but denied all other allegations. In the answer it was alleged, that there had been no searches or seizures of the place of business or property of either of the plaintiffs; that defendants had requested plaintiffs to procure licenses, but plaintiffs had refused; and that no tender of license fees had been made, and defendants had not refused to issue licenses.
At interlocutory hearing the plaintiffs introduced in evidence their verified petition as amended, and affidavits. Other than *Page 896 
statements made in the petition, their affidavits averred that they could not make more than $40 gross per month from the sale of wines. The defendants introduced in evidence their verified answer and affidavits of the mayor, clerk, and chief of police. The affidavits set out that there had been only one arrest of each of the plaintiffs by the chief of police, requesting them to appear in mayor's court, but that neither of the cases had been disposed of, because in one instance the mayor was out of the city, and in another the counsel for the accused had been absent. The court dissolved the restraining order, and denied an injunction. The plaintiffs excepted.
This case falls within the general rule that an injunction will not issue to restrain criminal prosecution. Accordingly, whether the ordinances be valid or invalid, the court did not err, on the interlocutory hearing, in dissolving the restraining order theretofore granted ex parte, and in denying an injunction. Code, § 55-102; City of Abbeville
v. Renfroe, 192 Ga. 467 (15 S.E.2d 782); Speed Oil Co.
v. Dublin, 193 Ga. 325 (18 S.E.2d 627); Speed Oil ofAtlanta v. Rome, 193 Ga. 327 (18 S.E.2d 628); SpurDistributing Co. v. Americus, 190 Ga. 842 (11 S.E.2d 30).
Judgment affirmed. All the Justices concur, except Atkinson,P. J., who dissents.
 *Page 1